**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0833-16T2

JOHN C. STOLLSTEIMER and CHERYL
R. STOLLSTEIMER, h/w,
individually and on behalf of
others similarly situated,

    Plaintiffs-Appellants,

v.

FOULKE MANAGEMENT CORP. d/b/a
FOULKE MANAGEMENT CORPORATION
d/b/a CHERRY HILL DODGE
CHRYSLER JEEP d/b/a CHERRY HILL
TRIPLEX,

    Defendant-Respondent.

_____

Submitted May 9, 2017 – Decided  May 23, 2017

Before Judges Sumners and Mayer.

On appeal from the Superior Court of New
Jersey, Law Division, Camden County, Docket
No. L-2255-16.

Law Office of Paul DePetris and Lewis G.
Adler, attorneys for appellants (Mr. Adler and
Mr. DePetris, of counsel and on the briefs).

Capehart & Scatchard, P.A., attorneys for
respondent (Laura D. Ruccolo, on the brief).

PER CURIAM

Plaintiffs John C. Stollsteimer and Cheryl R. Stollsteimer appeal from the trial court's order dated September 20, 2016, granting the motion to dismiss filed on behalf of defendant Foulke Management Corp. d/b/a Foulke Management Corporation d/b/a Cherry Hill Dodge Chrysler Jeep d/b/a Cherry Hill Triplex. Because the trial court failed to comply with the requirements of Rule 1:7-4(a), we vacate the order dismissing plaintiffs' complaint and remand the matter to the trial court for further proceedings.

We briefly recite the procedural history and facts in this case. In its motion to dismiss the complaint, defendant requested the trial court enforce an arbitration clause contained in documents governing the sale of an automobile purchased by plaintiffs. The trial court found the sales documents signed by plaintiffs compelled arbitration of disputes and therefore dismissed plaintiffs' complaint.

Despite defendant's request for oral argument, the trial court did not entertain argument on the motion. Plaintiffs claim oral argument was important as defendant's reply brief contained "new" facts, and the failure to permit argument deprived plaintiffs of an opportunity to address the "new" facts.

On September 20, 2016, the trial court granted defendant's motion based on the papers submitted by the parties. The entirety

of the trial court's oral decision, including findings of facts and conclusions of law, was set forth in three paragraphs.  The trial court did not state the legal reasons supporting dismissal of plaintiffs' complaint.  The trial court did not cite any case, court rule or statute in support of dismissal of plaintiffs' complaint.  Nor did the trial court analyze the inconsistent language compelling arbitration in each of the sales documents signed by plaintiffs.

On this appeal, plaintiffs addressed the trial court's misapplication of the law governing arbitration clauses.  However, we need not reach the merits of plaintiffs' arguments based on our determination that the trial court's order must be vacated and the matter remanded to the trial court for further proceedings.

Rule 1:7-4 requires a trial court, "by opinion or memorandum of decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  The failure of a trial court to meet the requirements of the rule "constitutes a disservice to the litigants, the attorneys and the appellate court."  Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (citations omitted).

It is the obligation of a trial court to state its factual findings and then connect those findings to the legal conclusions

in support of the court's ruling.  See Monte v. Monte, 212 N.J. Super. 557, 564-65 (App. Div. 1986).  The failure to advance reasons in support of a judicial decision results in the reviewing court having to speculate as to the trial court's thinking.  See Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "Neither the parties nor the appellate court is 'well-served by an opinion devoid of analysis or citation to even a single case.'" Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 300 (App. Div. 2009) (citing Great Atlantic & Pacific Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000)).

For these reasons, the order dismissing plaintiffs' complaint is vacated and the matter is remanded to the trial court for further proceedings.  On remand, the trial court should permit oral argument in accordance with Rule 1:6-2(d) (motions requesting oral argument, other than pretrial discovery or matters addressed to the calendar, "shall be granted as of right").  Additionally, to the extent defendant relied on matters outside the pleading as part of the motion to dismiss plaintiffs' complaint, the trial court should treat the motion as one for summary judgment and require the parties to comply with the requirements of Rule 4:46-2.  See R. 4:6-2.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-0833-16T2