974 A.2d 1102 (2009)
408 N.J. Super. 289
ALLSTATE INSURANCE COMPANY, Plaintiff-Respondent, and
Allstate Indemnity Company, Allstate New Jersey Insurance Company, Continental Insurance Company of New Jersey and Commercial Insurance Company of Newark, N.J., Plaintiffs,
v.
Otto FISHER, D.C., Defendant-Appellant, and
Ania Fisher a/k/a Ania Oscislawski, Douglas Jay Spiel, M.D., James Proodian, D.C., Michael L. Amoroso, M.D., Robert P. Borsody, Esq., John K. Burger, D.O., Simon Xioachong Lee, M.D., Craig Scott Antell, D.O., Fisher Medical Management, Inc., Universal Medical Marketing, Inc., Kavita Sinha, M.D., Stanley Tutt a/k/a Quadir K. Ali, individually and d/b/a QKA Enterprises, Jose (a/k/a Joe) Rolon, Anilhomme Milien a/k/a Rudolph Hora, Herve Rene a/k/a Rene Herve, Setty Management Consulting, L.L.C., Williams Injury Center, P.C., A-Tech Testing Center, Inc. a/k/a A-Tech Diagnostic, Inc., Pennsauken Injury Center, P.C., Fisher Chiropractic of Milltown, P.C., Pennsauken Trauma & Rehab Center, P.C., Pennsauken Trauma & Rehab Clinic of New Jersey, P.C., Middlesex Medical & Rehabilitation, P.C., Middlesex Medical & Rehabilitation Center of New Jersey, P.C., Perth Amboy Medical & Rehabilitation, P.C., Perth Amboy Medical & Rehabilitation Center of New Jersey, P.C., Plainfield Medical & Rehabilitation, P.C., Plainfield Medical & Rehabilitation Center of New Jersey, P.C., N.J. Medical Diagnostic & Rehabilitation Center, P.C., N.J. Medical Diagnostic & Rehabilitation, P.C., N.Y.C. Electrodiagnostic, P.C., N.Y.C. Comprehensive Medical And Diagnostic, P.C., Metro Comprehensive Medical Diagnostic, P.C., Neuroscience Associates, P.C., Aba Medical Management, Inc., Just A Transport, Inc., Raymond Tutela, individually and d/b/a R & L Marketing, Defendants, and
American Arbitration Association, Defendant in interest.
DOCKET NO. A-4445-06T3.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 2009.
Decided July 10, 2009.
*1103 Charles Shaw and Sean R. Callagy argued the cause for appellant (Charles Shaw & Associates, attorneys; Mr. Shaw, of counsel and on the brief).
Kathleen G. Waldron, Trenton, argued the cause for respondent (Pringle Quinn Anzano, attorneys; Kenneth E. Pringle, Ms. Waldron and Denise M. O'Hara, of counsel and on the brief).
Before Judges CARCHMAN, R.B. COLEMAN and SABATINO.
The opinion of the court was delivered by
CARCHMAN, P.J.A.D.
This appeal presents the conflict between the entry of an uncontested summary judgment where the motion judge failed to comply with the provisions of Rule 1:7-4 and a defendant who has engaged in a pattern of delay and obfuscation to avoid the adjudication of the matters in dispute. We conclude that the matter must be reversed and remanded to allow defendant to proffer a defense to the motion for summary judgment; however, we grant defendant this opportunity with the *1104 condition that he reimburse plaintiffs for reasonable counsel fees consistent with this opinion.
We briefly summarize the immediate procedural posture of this dispute on appeal. Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate New Jersey Insurance Company, Continental Insurance Company of New Jersey and Commercial Insurance Company of Newark, filed suit against defendant Otto Fisher[1] and more than thirty other individuals and corporations alleging claims of insurance fraud and violations of various regulations related to the creation and management of medical corporations. Specifically, plaintiffs alleged that defendant and others conspired to commit insurance fraud through the creation of sham medical corporations that would allow them to refer patients to other companies owned by them in violation of the medical board regulations and the New Jersey Insurance Fraud Prevention Act (NJIFPA), N.J.S.A. 17:33A-1 to -30.
Plaintiffs filed a motion for partial summary judgment against defendant and others on six of the fourteen counts in the complaint. Defendant failed to oppose the motion, and the trial judge issued an order granting plaintiffs' motion and providing for $6,422,969.98 in damages, which was trebled, resulting in a final judgment of $19,235,909.94. The motion judge subsequently certified the order as final, and defendant appealed.
As we have noted, the judgment arises from an uncontested motion for summary judgment. These are the facts before the motion judge as certified to by plaintiffs. Plaintiffs are subsidiaries of Encompass Insurance Company, which issued automobile insurance policies to, and paid claims submitted by, patients of the defendant medical corporations. Defendant is a licensed chiropractor and the owner of the following chiropractic facilities: Williams Injury Center, Pennsauken Injury and Fisher Chiropractic of Milltown. Defendant James Proodian, also a chiropractor, worked for defendant from 1995 through 1998. He left defendant's employ in 1998 to form defendant Setty Management Consulting.
In 1999, defendant met with defendant Robert P. Borsody, an attorney, to discuss the creation and management of medical corporations through separate management companies. Defendant retained Borsody, who prepared incorporation papers creating five medical corporations: Perth Amboy Medical & Rehabilitation, P.C.; Plainfield Medical & Rehabilitation, P.C.; N.J. Medical Diagnostic & Rehabilitation, P.C.; Pennsauken Trauma & Rehab Center, P.C.; and Middlesex Medical & Rehabilitation, P.C. Each corporation identified defendant as the registered agent and director.
Borsody introduced defendant to defendant Douglas Jay Spiel, said to be a medical doctor, to serve as owner of the corporations. Spiel, however, had not yet obtained his medical license in New Jersey. Therefore, Spiel suggested defendant Michael L. Amoroso, also a medical doctor. Amoroso was identified as the owner of these corporations, however, Amoroso submitted a certification stating that he did not exert any control over them. He stated, rather, that defendant Proodian and the Setty entity handled the day-to-day business of the corporations.
In August 1999, following a meeting with defendant, Borsody prepared incorporation papers for five new medical corporations: Perth Amboy Medical & Rehabilitation Center of New Jersey, P.C.; Plainfield Medical & Rehabilitation Center *1105 of New Jersey, P.C.; N.J. Medical Diagnostic & Rehabilitation Center, P.C.; Pennsauken Trauma & Rehab Clinic of New Jersey, P.C.; and Middlesex Medical & Rehabilitation Center of New Jersey, P.C. The incorporation papers for the new entities listed Spiel as the director and Edward Wilkin,[2] defendant's accountant, as the registered agent.
Spiel, who had by that time received his New Jersey medical license, was identified as the owner of these new corporations. Spiel stated that he did not exert any authority or control over the operation of these corporations but that defendant and Proodian handled their day-to-day operations.
Deirdrea Colacci, a former employee of defendant, certified that defendant and Proodian had complete control over the billing and finances of the medical corporations. Colacci stated that defendant used signature stamps of Spiel and Amoroso on forms and checks.
Defendant used checks from the medical corporation accounts, some with his own signature, to pay the expenses of the medical corporations. He also used checks from those accounts to pay for work performed at his personal residences and others made out to "cash" or to Amoroso but cashed by defendant.
On October 6, 1999, defendant and Proodian signed a management services agreement stating that Proodian's company, Setty Management Consulting, would provide management and consulting services to defendant's chiropractic facilities. Setty also entered into agreements with the medical corporations owned by Amoroso and Spiel. Defendant entered into expense sharing agreements for billing and collecting services with the medical corporations owned by Amoroso and Spiel, dated September 1, 1999, and signed in April 2001.
Plaintiffs' records indicate that ninety-three percent of patients treated at Middlesex Medical & Rehabilitation, N.J. Medical Diagnostic & Rehabilitation, Pennsauken Trauma & Rehab Center and Perth Amboy Medical & Rehabilitation were referred by a provider employed by either Williams Injury Center, Pennsauken Injury Center or Fisher Chiropractic Center.
Plaintiffs moved for partial summary judgment. Soon thereafter, defendant's attorney filed a motion to be relieved as counsel. Oral argument on that motion was held before the motion judge on September 22, 2006, but defendant's attorney requested an adjournment of the motion for partial summary judgment. Plaintiffs' counsel agreed to adjourn the motion on the condition that the trial date would also be adjourned. However, defendant's request to adjourn the trial date was denied.
On September 15, 2006, plaintiffs filed a supplement to their proofs in support of the motion for partial summary judgment. Specifically, plaintiffs submitted the certification of Benjamin Hickey, an analyst in plaintiffs' special investigations unit, and a compilation of claims plaintiffs paid out to the medical corporations operated by defendant and Proodian between 1999 and 2004. The records demonstrated payments totaling $3,481,484.77.
Defendant's attorney wrote to the court indicating that defendant intended to oppose the motion for partial summary judgment, adding that plaintiffs' supplemental documents "would automatically mean that [plaintiffs] would have to adjourn [the] motion." However, defendant never filed any formal opposition, which was due on September *1106 25, to the pending motion for partial summary judgment.
On September 29, 2006, plaintiffs wrote a letter to the court noting that the motion had not been adjourned and was unopposed. Therefore, plaintiffs requested that the court grant the motion in their favor. Defendant's counsel wrote a responsive letter asserting that "[i]t would be a miscarriage of justice to enter a `default' summary judgment." Counsel further asserted that plaintiffs' motion was untimely pursuant to Rule 4:46-1 and that the supplement to the motion was not permitted by the court rules.
On November 9, 2006, the judge signed the form of order submitted by plaintiffs, granting the motion for partial summary judgment against defendant, Proodian and the named medical corporate defendants, and awarding compensatory and treble damages. By order of that same date, the judge granted defendant's attorney's motion to be relieved as counsel. No oral or written opinion was provided by the court with regard to either order.
Subsequent to the judge granting the motions, defendant's new counsel filed a motion for reconsideration. The motion was denied "without prejudice" as, according to the order, "defendant's application is deficient in that it is not accompanied by certification by Dr. Fisher or anyone in a position to certify the facts alleged as true. Defendant Fisher may submit supplemental certifications to support the application within 10 days of this order." Defendant thereafter filed a certification on February 1, 2007, but the judge issued an order on April 13, 2007, certifying the November 9, 2006 order as final with regard to defendant, individually.[3]
On appeal, defendant asserts that (1) he was denied an opportunity to oppose the motion below, (2) the trial judge failed to issue any written or oral opinion in violation of Rule 1:7-4, (3) there are genuine issues of material fact that precluded summary judgment, (4) the amount of damages awarded is unsupported by the motion record, (5) the judge failed to make the findings necessary to treble damages under the NJIFPA, (6) the record did not support piercing the corporate veil to impose personal liability on defendant and (7) the interest of justice demand that summary judgment be reversed.
Plaintiffs counter by asserting the merits of their claims as well as citing defendant's dilatory tactics in arguing that defendant *1107 is not entitled to relief on appeal. Specifically, plaintiffs cite defendant's failure to comply with Special Discovery Master Alvin Weiss's discovery order, resulting in an order striking defendant's answer. Additionally, when confronted with a motion to dismiss his third-party complaint against a former employee and plaintiffs' investigator, defendant failed to respond to the motion, and his counsel moved to be relieved. The judge then managing the litigations suggested that defendant was "attempting to manipulate the court" and play plaintiffs "like a yo-yo."
Despite the imposition of conditions for payment of counsel on the order to vacate the default that had been entered against him, defendant refused to comply until two years after the entry of the order.
When the motion in dispute on this appeal was filed, the familiar pattern ensued as upon the filing of the motion for summary judgment, defendant's then-counsel moved to be relieved and, despite the lack of an order relieving counsel, no opposition to the motion was filed.
Although defendant's third successive counsel had subsequently filed a belated certification in opposition to the motion for summary judgment, when plaintiffs later moved to certify the partial judgment as final, no opposition to that motion was filed. Within days of the entry of that order, defendant's third counsel made a motion to be relieved. This pattern of delay continued in this court as defendant's appeal was initially dismissed for failure to prosecute prompting a subsequent motion for reinstatement, which was granted and the appeal was restored.
We now address the merits of the appeal.
Defendant contends that the judgment of November 9, 2006 must be reversed because the court failed to provide any written or oral opinion setting forth the findings of fact and conclusions of law supporting the judgment, as required by Rule 1:7-4. Defendant also argues that the orders of January 31, 2007, denying reconsideration; and April 13, 2007, certifying the November 9, 2006 order as final, must be reversed for failure to comply with Rule 1:7-4.
Plaintiffs counter that "[w]here a motion is unopposed, it serves no purpose to require the trial court to paraphrase, or otherwise restate in its own words, the uncontroverted evidence that is contained in the moving party's submission." Plaintiffs assert that defendant's failure to provide timely opposition impeded the court's ability to comply with the court rules. Plaintiffs argue that defendant's failure to either oppose or seek reconsideration of the trial court's April 13, 2007 order certifying the November 9, 2006 order as final precludes defendant from challenging those orders on appeal. Plaintiffs further request that we "exercise [our] own jurisdiction to make [our] own findings of fact and conclusions of law based upon the ample record before [us], and finally bring this case to a conclusion."
Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c). In support of an order granting summary judgment, a judge is required to detail the findings of fact and conclusions of law in a written or oral opinion. R. 1:7-4(a); R. 4:46-2(c). A motion judge is obligated "to set forth factual findings and correlate them to legal conclusions. Those findings and conclusions must then be measured against the standards set forth in Brill v. Guardian Life Ins[.] Co. of Am[.], 142 N.J. 520, 540, 666 A.2d 146 (1995)." Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J.Super. 495, 498, 762 A.2d 1057 (App. *1108 Div.2000). Neither the parties nor the appellate court is "well-served by an opinion devoid of analysis or citation to even a single case." Ibid.
Rule 4:46-2(b) provides that all sufficiently supported material facts will be deemed admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion. Pursuant to Rule 1:7-4(a), however, the motion judge must still correlate those facts to legal conclusions. The court rules do not provide any exception from this obligation where the motion is unopposed. R. 1:7-4(a); R. 4:46-2(c).
Further, pursuant to Rule 2:5-1(b), within fifteen days of receiving the notice of appeal, the trial judge "shall ... file with the Clerk of the Appellate Division and mail to the parties a written opinion stating findings of fact and conclusions of law" where there is no such prior opinion. Again, this provision does not except the trial judge from this obligation where the order being appealed resulted from an unopposed motion.
Here, the judge did not provide any written decision in support of the November 9, 2006 order granting partial summary judgment in favor of plaintiffs. Also, the judge did not provide any written or oral opinion in conjunction with the April 13, 2007 order certifying the November 9, 2006 order as final.
Plaintiffs' argument that no opinion was required because the motion was not opposed is without merit. Plaintiffs suggest that the judge relied on the facts and legal arguments set forth in their brief below. Although Rule 4:46-2(b) provides that the facts asserted by the plaintiffs will be deemed admitted based upon the defendant's failure to oppose the motion, both Rule 1:7-4 and Rule 2:5-1(b), specifically state that the court "shall" set forth the facts and make conclusions of law to support the order or judgment. As stated above, neither rule exempts the court from this obligation where the motion has not been opposed.
The trial judge may satisfy the court rules by relying on the facts or reasons advanced by a party; however, the court is obligated to make the fact of such reliance "explicit." Pressler, Current N.J. Court Rules, comment 1 on R. 1:7-4 (2009) (citing Vartenissian v. Food Haulers, Inc., 193 N.J.Super. 603, 612, 475 A.2d 626 (App.Div.1984) (holding that the trial court's reliance on the reasons advanced by a party is not fatal to determination of a motion for a new trial under Rule 4:49-1)). Here, the judge did not give any indication that he was relying on either the facts or the legal arguments proffered by plaintiffs in support of their motion, and we cannot assume that is what the judge intended.
Plaintiffs' suggestion that we exercise original jurisdiction to remedy the trial judge's error is rejected. Rule 2:10-5 provides that "[t]he appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review." However, our "original factfinding authority must be exercised only with great frugality and in none but a clear case free of doubt." Tomaino v. Burman, 364 N.J.Super. 224, 234-35, 834 A.2d 1095 (App.Div.2003) (quotation and citation omitted), certif. denied, 179 N.J. 310, 845 A.2d 135 (2004).
We have exercised such jurisdiction to resolve a single issue to conclude litigation, or to end perpetual or lengthy litigation. See, e.g., Bailes v. Twp. of E. Brunswick, 380 N.J.Super. 336, 347, 882 A.2d 395 (App.Div.), certif. denied, 185 N.J. 596, 889 A.2d 443 (2005) (exercising jurisdiction to make factual findings as to the purpose of a municipal ordinance and conclude litigation); Accardi v. Accardi, 369 N.J.Super. 75, 91-92, 848 A.2d 44 *1109 (App.Div.2004) (exercising jurisdiction to address fluctuating nature of father's income to avoid future litigation over support amount); Gandolfi v. Town of Hammonton, 367 N.J.Super. 527, 549, 843 A.2d 1175 (App.Div.2004) (exercising jurisdiction to determine municipal board's authority to approve subdivision in matter pending for five years). Appellate review, however, "does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered" by the trial court. Cannuscio v. Claridge Hotel & Casino, 319 N.J.Super. 342, 347, 725 A.2d 135 (App.Div.1999).
This is not a case where original jurisdiction will result in a complete determination of the matter on review, as contemplated by the court rule. R. 2:10-5. This appeal does not address a single, lingering issue. There is also no threat of perpetual litigation, and it does not appear that the exercise of original jurisdiction is necessary to avoid lengthy or burdensome litigation. Discovery has been completed, and all other defendants have been dismissed from the case. Moreover, the resolution of the present appeal will not conclude the litigation in this matter, as there are additional causes of action against defendant to be resolved. Accordingly, the necessary factual findings and legal conclusions are best made by the trial judge.
Defendant's arguments regarding the orders of January 31, 2007 and April 13, 2007 are less persuasive. The judge did provide an explanation for his order denying defendant's motion for reconsideration on the record of January 5, 2007. Although he did not address defendant's Rule 1:7-4 argument at that time, the November 9, 2006 order was not "a written order that is appealable as of right" and not subject to the rule.
Even litigants who have not challenged a motion for summary judgment or any other relief are entitled to a recitation of the reasons for the granting (or denial) of relief. More significantly, even in an uncontested motion, the judge must consider whether undisputed facts are sufficient to entitle a party to relief. It is not enough to suggest that there is no opposition, especially if the facts do not warrant the granting of relief in the first instance.
While the failure to provide reasons necessitates a remand, we are left with the option of remanding for a statement of reasons or reversing and remanding for consideration of the motion for summary judgment anew. We determine that the latter course of action is appropriate here.
Defendant did file a belated certification containing substantive points in opposition to the entry of an adverse judgment. Even though plaintiffs assert that it is insufficient to raise any genuine issues of material fact, we are of the view that the issue should be addressed in first instance by the motion judge. Likewise, any claims as to causes of action or damages should also be addressed by the judge. Even though the parties have argued these various claims before us, these additional claims are not suitable for appellate disposition and should be first decided by the motion judge, with an accompanying statement of reasons. We take no position as to the merits.
We do not reverse or remand for the purpose of renewing all facets of this litigation. As a result of our mandate, there is an extant motion for summary judgment that should be addressed and decided. Defendant must adhere to the letter of the scheduling orders imposed by the judge, and we caution defendant against any attempts at delay. We note that on at least two prior occasions, motions by counsel to be relieved on the eve of consideration of *1110 substantive motions caused additional delay. This pattern of conduct should no longer be tolerated.
Finally, we are of the view that defendant's conduct in the defense of the motion for summary judgment should not be rewarded with a simple "do over" without consideration of the costs that have been generated by his dilatory conduct and these extraordinary circumstances generated by such conduct. See Regional Const. Co. v. Ray, 364 N.J.Super. 534, 540-44, 837 A.2d 421 (App.Div.2003); see also R. 1:2-4.
Accordingly, on the remand, plaintiffs' counsel may submit a certification of services for the attorney's fees and costs attendant to the prosecution of the motion for summary judgment and services rendered related to the matters that followed from the original return day of the motion for summary judgment up to and including the order of June 12, 2007. Upon submission of the certification and the entry of an order on such certification by the motion judge evaluating the reasonableness of the fees claimed, defendant shall pay the reasonable amount ordered forthwith. Upon a certification of non-payment of the amount ordered, which shall be paid no later than the return date of the motion for summary judgment that is the subject of this appeal, the judge may enter an order for judgment against defendant Otto Fisher, personally, for such approved fees and costs that may remain unpaid.
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Except where otherwise indicated, "defendant" shall refer to defendant Otto Fisher.
[2] Wilkin was not a party in the underlying litigation.
[3] The order was properly certified under Rule 4:42-2. The counts addressed in the November 9, 2006 order were separate and distinct from the remaining counts of the complaint. They were fully adjudicated, and the November 9, 2006 order set forth an enforceable money judgment. See Janicky v. Point Bay Fuel, Inc., 396 N.J.Super. 545, 549-52, 935 A.2d 803 (App.Div.2007) (addressing cases improperly certified as final under Rule 4:42-2 where determination did not constitute a complete adjudication of a separate claim).

By order dated May 15, 2007, the judge certified the November 9, 2006 order as final with regard to Perth Amboy Medical & Rehabilitation, P.C., Plainfield Medical & Rehabilitation, P.C., N.J. Medical Diagnostic & Rehabilitation, P.C., Pennsauken Trauma & Rehab Center, P.C., Middlesex Medical & Rehabilitation, P.C., Perth Amboy Medical & Rehabilitation Center of New Jersey, P.C., Plainfield Medical & Rehabilitation Center of New Jersey, P.C., N.J. Medical Diagnostic & Rehabilitation Center, P.C., Pennsauken Trauma & Rehab Clinic of New Jersey, P.C., Middlesex Medical & Rehabilitation Center of New Jersey, P.C., Metro Comprehensive Medical Diagnostic, P.C., N.Y. Electrodiagnostics Medical, P.C., A-Tech Diagnostics, Williams Injury, Pennsauken Trauma and Fisher Chiropractic of Milltown.
The only other individual defendant subject to the partial summary judgment was defendant Proodian. He subsequently settled with plaintiff, as did the majority of other individual defendants. For the purposes of this appeal, the only interested individual defendant is Fisher.