NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2569-14T2
ELDRIDGE HAWKINS, II,

 Plaintiff-Appellant,

v.

ROBERT D. PARISI, Individually
and Officially, TOWNSHIP OF
WEST ORANGE,

 Defendants-Respondents,

and

STEVE MANNION, Individually,
DECOTIIS FITZPATRICK AND COLE,

 Defendants.
_____________________________________

 Submitted February 2, 2017 – Decided June 7, 2017

 Before Judges Hoffman and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-
 1665-11.

 Eldridge Hawkins, II, appellant pro se.

 Trenk, DiPasquale, Della Fera & Sodono,
 P.C., attorneys for respondents Robert D.
 Parisi and Township of West Orange (Richard
 D. Trent, of counsel; Mark Y. Moon and
 Franklin Barbosa, Jr., on the brief).
 DeCotiis, FitzPatrick & Cole, LLP, attorneys
 for respondents Steve Mannion and DeCotiis,
 FitzPatrick & Cole, join in the brief of
 respondents Robert D. Parisi and Township of
 West Orange.

PER CURIAM

 Plaintiff Eldridge Hawkins, II, appeals from a December 19,

2014 Law Division order denying his motion for reconsideration

of a June 6, 2014 order dismissing his fifth amended complaint

with prejudice, and other orders. After reviewing the record

and applicable legal principles, we affirm.

 I

 In 2010, plaintiff filed his original complaint in this

wrongful termination action. Over the course of this

litigation, plaintiff amended his complaint five times. The

defendants and claims included in the original and first through

fourth amended complaints were dismissed with prejudice.

Although the court granted leave to plaintiff to file a fifth

amended complaint, it restricted him from asserting any claim

that accrued prior to a certain date.

 Plaintiff eventually filed a fifth amended complaint

acceptable to the court. In that complaint he named four

defendants. Two defendants and all but one count were dismissed

with prejudice in February 2014. The remaining count and

defendants were dismissed with prejudice by order dated June 6,
 2
 A-2569-14T2
2014. That order also definitively declared, "Plaintiff's Fifth

Amended Complaint be and is hereby dismissed with prejudice in

its entirety." Another order entered that day denied as moot

plaintiff's motion to dismiss with prejudice defendants'

counterclaim. The court found plaintiff's motion moot because

"no counterclaim exists any more."

 Five months later, in November 2014, plaintiff filed a

notice of motion to "reconsider and to clarify the status of

these proceedings and all of this court's orders, to reinstate

the original . . . complaint and subsequent dismissals without

prejudice, and allow plaintiff to file a sixth amended complaint

. . . and . . . reopen[] . . . the discovery period for 120

days." Plaintiff's notice of motion stated he was seeking

reconsideration under Rule 4:42-9 and Rule 4:50-1.

 In his motion papers, plaintiff argued he was entitled to

file a sixth amended complaint and that Rules 4:42-9 and 4:50-1

supported his request for reconsideration. The arguments on

these issues were limited to the following:

 [Plaintiff suggests] that this Court
 allow plaintiff to file yet another (6th)
 amended complaint, alleging all causes of
 action against all defendants other than
 Parisi and West Orange, which have apparent
 dismissal with prejudice recorded. Of
 course, said allowance might be considered
 by the co-defendants as being prejudicial to
 them as their procedural strategies may have
 3
 A-2569-14T2
 been planned with the expectations of not
 being in the case without West Orange.
 Thus, it might be considered that the only
 appropriate way to proceed is pursuant to R.
 4:49-2 and R. 4:50-1, 2, to vacate all
 Orders of dismissal, require answers to be
 filed to a newly filed complaint and
 discovery to take place before any
 dispositive motions are allowed to be filed.

 On December 19, 2014, the court denied plaintiff's motion.

In its written opinion, the court stated it denied plaintiff's

motion for reconsideration for the reasons expressed by those

defendants who had filed a response to the motion. In their

response, defendants contended plaintiff was time-barred under

Rule 4:49-2 from seeking reconsideration of the June 6, 2014 or

any other order. In addition, the court further stated it

purposely did not cross-out a provision in plaintiff's form of

order because "that part of the order is undeniably correct."

That provision stated, "[T]he complaint against all defendants

in the within case whether or not ever previously dismissed or

dismissed with or without prejudice are hereby dismissed with

prejudice."

 We note the trial court did not in its December 19, 2014

order in fact dismiss any additional defendants. There were no

defendants to dismiss; the last had been dismissed on June 6,

2014. Although the record reflected all parties had been

dismissed with prejudice, in his certification in support of his
 4
 A-2569-14T2
motion, plaintiff requested the court state in an order whether

the "remaining parties of record in this case were dismissed

with prejudice;" hence, the apparent reason plaintiff provided

the subject provision in his form of order.

 II

 On appeal, plaintiff presents the following arguments for

our consideration:

 POINT I: PLAINTIFF-APPELLANT'S NOV 19, 2014
 NOTICE OF MOTION FOR RECONSIDERATION SHOULD
 HAVE BEEN GRANTED AND FAILURE TO DO SO WAS A
 CLEAR ABUSE OF JUDICIAL DISCRETION CAUSING
 PLAINTIFF-APPELLANT A MANIFEST INJUSTICE

 POINT II: THE MOTION JUDGE ABUSED HIS
 DISCRETION BY INTER ALIA, NOT DECIDING
 PLAINTIFF'S MOTIONS OR DISMISSING SAME
 WITHOUT STATING FACTS OR REASONS

 POINT III: PLAINTIFF-APPELLANT'S FACTS,
 CIRCUMSTANCES AND DENIAL OF DUE PROCESS
 RIGHTS WERE SO EGREGIOUS AS TO NECESSITATE A
 RECONSIDERATION AND AN APPELLATE COURT'S
 INTERVENTION TO DECLARE THE MOTION JUDGE'S
 DENIAL OF PLAINTIFF'S RECONSIDERATION MOTION
 AND THE DECEMBER 19, 2014 ORDER TO BE
 DECLARED EXTRAORDINARY CIRCUMSTANCES
 REQUIRING AND VACATING OF ALL THE ORDERS
 REFERENCED IN THE DECEMBER 19, 2014 ORDER[1]

 In his notice of appeal, plaintiff sought the review of

twenty-two orders entered by the trial court from October 2011

through December 19, 2014. Defendants filed a motion before us

1
 There were no orders referenced in the December 19, 2014
order.
 5
 A-2569-14T2
seeking to limit plaintiff's appeal of any order to only those

which had been entered not later than seventy-five days before

March 3, 2015, the day he filed his notice of appeal. We

entered an order providing the following:

 The trial court's June 6, 2014 order
 dismissed plaintiff's Fifth Amended
 Complaint "with prejudice in its entirety."
 Plaintiff's "reconsideration" motion filed
 November 19, 2014 was ineffective to
 preserve his appeal rights with respect to
 the June 6, 2014 order and all orders
 entered prior to that date. Defendant's
 notice of appeal was timely only as to the
 December 19, 2014 order denying
 reconsideration. This appeal is limited to
 that order.

 After carefully reviewing the record and the briefs, we

conclude plaintiff's arguments are without sufficient merit to

warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We add the following comments.

 Plaintiff contends the court failed to provide, as required

by Rule 1:7-4(a), its reasons for entering the December 19, 2014

order. This rule states, "[t]he court shall, by an opinion or

memorandum decision, either written or oral, find the facts and

state its conclusions of law thereon in all actions tried

without a jury, on every motion decided by a written order that

is appealable as of right . . . ." Plaintiff overlooked the

written opinion attached to the December 19, 2014 order, in

 6
 A-2569-14T2
which the court expressly stated it was denying plaintiff's

motion for reconsideration for the reasons set forth in

defendants' response.

 We recognize "the clearly better practice is for the court

to make its own statement." See Pressler & Verniero, Current

N.J. Court Rules, cmt. 1 on R. 1-7:4 (2017). However, a court's

reliance on the reasons posited by a party when granting or

denying a motion is permissible, as long as the court "make[s]

the fact of such reliance explicit." Ibid.; see also Allstate

Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009).

 Here, we conclude a court's adoption of the reasons

proffered by defendants in their response to plaintiff's motion

was sufficient. In reaching the determination to deny plaintiff

relief, the court explicitly stated it based its decision on the

reasons advanced by defendants. Therefore, we discern no error.

 As for the substantive issues before us, there is no

question plaintiff's attempt to seek reconsideration of any

orders on or before June 6, 2014 was well out of time. See R.

4:49-2 (mandating that a motion for reconsideration "shall be

served not later than 20 days after service of the judgment or

order").

 Plaintiff also argues he was entitled to relief under Rule

4:50-1. However, before the trial court, plaintiff did not
 7
 A-2569-14T2
articulate the basis for which he was entitled to relief under

this rule, failing to identify even the subsection of this

rule, see R. 4:50-1(a)-(f), upon which he relied.

 Plaintiff now argues he is entitled to relief under

subsections (a) and (b) of Rule 4:50-1, which provide in

pertinent part:

 On motion, with briefs, and upon such terms
 as are just, the court may relieve a party
 or the party's legal representative from a
 final judgment or order for the following
 reasons: (a) mistake, inadvertence,
 surprise, or excusable neglect; (b) newly
 discovered evidence which would probably
 alter the judgment or order and which by due
 diligence could not have been discovered in
 time to move for a new trial under R. 4:49
 . . . .

However, these arguments were not raised before the trial court

and, "[g]enerally, an appellate court will not consider issues,

even constitutional ones, which were not raised below." State

v. Galicia, 210 N.J. 364, 383 (2012). Even if these arguments

had been raised, the trial court did not address the

applicability of Rule 4:50-1 in its opinion and, thus, we

decline to do so in the first instance. See Duddy v. Gov't

Emps. Ins. Co., 421 N.J. Super. 214, 221 (App. Div. 2011).

 Affirmed.

 8
 A-2569-14T2