**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2770-14T1

KEVIN M. WRIGHT,

    Plaintiff-Appellant,

v.

TOWNSHIP OF CHERRY HILL,

    Defendant-Respondent.

_____

Argued October 13, 2016 — Remanded November 28, 2016
Resubmitted February 2, 2017 — Remanded March 6, 2017
Resubmitted April 19, 2017 — Decided  June 13, 2017

Before Judges Lihotz and Whipple.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No. L-
4769-12.

Matthew S. Wolf, attorney for appellant.

Brown & Connery, L.L.P., attorneys for
respondent (Christine P. O'Hearn, of counsel;
Ms. O'Hearn and Michael J. Miles, on the
brief).

PER CURIAM

Plaintiff appeals from a January 23, 2015 order denying his motion for reconsideration of a November 21, 2014 order, granting defendant's motion for summary judgment. We twice remanded this case for findings of fact or conclusions of law as required by Rule 1:7-4. Having reviewed submissions of the parties and the judge's findings on the record March 9, 2017, we affirm.

The underlying facts are outlined in our previous opinion of November 28, 2016. In that opinion, we affirmed the motion judge's denial of a plaintiff's adjournment request but reversed and remanded the entry of an order granting summary judgment for defendants because the judge had not provided a statement of reasons supporting the entry of judgment on an unopposed motion. Wright v. Twp of Cherry Hill, No. A-2770-14 (App. Div. Nov. 28, 2016). We summarize the facts relevant to the summary judgment motion.

Plaintiff was a Cherry Hill police officer for nineteen years. After an automobile accident while on duty in 1995, plaintiff suffered a brain injury and later suffered from major depression, headaches, and numerous personal and psychological problems. Notwithstanding his injury, plaintiff returned to work without restriction and was deemed fit for duty after several psychological examinations. In June 2010, plaintiff was suspended for ten days after an internal affairs investigation resulted in a finding of

improper conduct because he did not appear in court when required. On August 30, 2010, Cherry Hill Police Department suspended plaintiff after an internal affairs investigation uncovered plaintiff had abandoned hundreds of law enforcement items and documents. These items were found after Cherry Hill Police searched plaintiff's home without a warrant or consent.

Plaintiff was advised he was subject to termination. In September 2010, while on paid leave, plaintiff submitted to a fitness for duty examination and was found to be suffering from severe depression. Counseling was recommended, but plaintiff did not fully comply. Notwithstanding his non-compliance, defendant did not terminate plaintiff but continued to pay him for seven months.

On August 30, 2011, a disciplinary hearing was scheduled before an independent arbitrator. Plaintiff did not appear. On September 1, 2011, the arbitrator issued a decision concluding plaintiff had "ceased to conduct his affairs in a manner required by a police officer," and plaintiff was unresponsive to defendant's efforts to assist him. The arbitrator agreed termination from the police force was the only option because plaintiff could not function as a police officer.

Plaintiff filed suit on November 7, 2012, under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -49, and

the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-2. The first count of the complaint alleged plaintiff suffered a disability under the NJLAD and had suffered adverse employment consequences as a result thereof. The second count asserted plaintiff's constitutional rights had been violated as a result of the illegal search of his home and the use of the illegally seized items.[1]

On appeal, plaintiff argues the judge erred because he did not construe all facts and inferences in favor of the non-moving party as required by Rule 4:46(2)(c), and the judge failed to correlate factual findings with legal conclusions. We disagree.

In Allstate Insurance Co. v. Fisher, we said, "[s]ummary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)). In support of an

---

[1] On October 4, 2013, prior to the completion of discovery, defendant moved for partial summary judgment dismissing the claim under the NJCRA because the claims alleged were barred by the two-year statute of limitations. Through counsel, plaintiff submitted a certification stating he had been unaware Cherry Hill police searched his home without a warrant until September 17, 2012, because the police had previously lied to him, telling him they had been responding to a burglary report. The court rejected plaintiff's assertion and granted defendant's motion on November 22, 2013. That order was not appealed.

order granting summary judgment, a judge is required to detail the findings of fact and conclusions of law in a written or oral opinion.  R. 1:7-4(a); R. 4:46-2(c).  A trial judge is obligated "to set forth factual findings and correlate them to legal conclusions.  Those findings and conclusions must then be measured against the standards set forth in Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540 (1995)."  Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000).  Neither the parties nor the appellate court is "well-served by an opinion devoid of analysis or citation to even a single case."  Ibid.

Rule 4:46-2(b) provides that all sufficiently supported material facts will be deemed admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion.  Pursuant to Rule 1:7-4(a), however, the judge must still correlate those facts to legal conclusions.

Here, the judge explicitly adopted defendant's reasoning and arguments and read into the record facts he deemed material and admitted.  The judge determined plaintiff had not set forth a prima facie case of disability discrimination under the NJLAD because he had not produced evidence defendant was aware of his disability, and defendant was justified in terminating plaintiff's employment because he did not perform the essential functions of

his job. Based on the undisputed record, the court determined even if plaintiff had pled a prima facie claim, defendant had established a non-pretextual, non-discriminatory basis for removing plaintiff from his job. Plaintiff's failure to accommodate claim was rejected by the court because plaintiff could no longer perform the essential functions of the job. The record supports the judge's findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2770-14T1