**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5579-16T2

LUCY MESHULAM,

     Plaintiff-Appellant,

v.

KFIR MESHULAM,

     Defendant-Respondent.

_____

> Argued July 17, 2018 – Decided February 1, 2019
>
> Before Judges Ostrer and Vernoia.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1827-10.
>
> Howard B. Felcher argued the cause for appellant (Law Offices of Howard B. Felcher, PLLC, attorneys; Howard B. Felcher and Sydney S. McQuade, on the briefs).
>
> Respondent has not filed a brief.

    The opinion of the court was delivered by

OSTRER, J.A.D.

This post-judgment matrimonial matter, pertaining solely to the issue of attorney's fees, returns to us after a remand. We assume the reader's familiarity with our prior opinion. Meshulam v. Meshulam, No. A-5751-13 (App. Div. Aug. 1, 2016) (Meshulam I). To summarize, roughly a year after the parties divorced, defendant moved to set aside their property settlement agreement (PSA) on the ground that plaintiff fraudulently concealed an increase in her income. Although plaintiff responded with an excessive and unwarranted motion practice, it was ultimately established by a court-appointed forensic accountant that defendant had not disclosed an increase in his own income. The parties entered into a consent order that left the PSA largely intact, but referred the issue of attorney's fees to the court. The court awarded defendant $25,858.76 because it found that plaintiff litigated in bad faith. Plaintiff appealed.

We affirmed the court's finding that plaintiff acted in bad faith, but held that the trial judge "should have considered whether defendant engaged in bad faith litigation of his own." Id., slip op. at 25. Defendant failed to serve an updated case information statement (CIS) as ordered. His counsel justified the failure by erroneously stating – but we had no reason to think knowingly – that defendant's income had not materially changed. Although defendant's undisclosed increase in income did not equal plaintiff's increase, it was

A-5579-16T2

nonetheless substantial, resulting in near parity of income. That undermined his claim that plaintiff should pay child support to him. Ibid. We remanded for the court to reconsider its attorney's fee award in light of three facts: "(1) plaintiff was justified in exploring increases in defendant's 2011 and 2012 income; (2) defendant failed to disclose his own increased income and refused to submit an updated CIS; and (3) the results obtained" in the ultimate settlement did not "disproportionately favor either side." Id., slip op. at 26-27.

On remand, the trial court reduced its award to defendant to $18,124.50. The judge focused on the first of the three facts. She subtracted from the defense counsel's fees the reasonable fees plaintiff incurred seeking discovery of defendant's income. The trial judge applied an hourly rate that was below the rate plaintiff's attorneys charged.

On appeal, plaintiff contends that the trial court failed to consider the other two facts we directed it to consider: that defendant withheld his own income (while charging plaintiff with fraud for concealing hers), and misrepresented to the court that there was no material change justifying an updated CIS; and the parties' ultimate settlement did not result in an overwhelming victory for either side.

A-5579-16T2

We agree that the trial court did not consider these two facts, although it was duty bound to do so. Justice Brennan expressed the well-settled principle that "the trial court is under a peremptory duty to obey in the particular case the mandate of the appellate court precisely as it is written." Flanigan v. McFeely, 20 N.J. 414, 420 (1956).

However, we decline to remand a second time. The judge who handled this matter retired shortly after she issued her last order. A remand would impose a burden on a new trial judge, less familiar with the record than are we, and add to the delay and costs the parties have already incurred. We choose instead to exercise original jurisdiction pursuant to Rule 2:10-5, so that we may put an end to this litigation, which was resolved long ago but for the issue of fees. See Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009) (stating that an appellate court may exercise original jurisdiction "to resolve a single issue to conclude litigation, or to end perpetual or lengthy litigation"). Although we sparingly exercise the power to make original fact-findings, we may do so when the record is "free of doubt." Henebema v. Raddi, 452 N.J. Super. 438, 452 (App. Div. 2017). In particular, to avoid a remand and further litigation costs, we have exercised original jurisdiction to determine a claim for

attorney's fees and costs.  DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 230 (App. Div. 2000) (applying the frivolous litigation statute and R.P.C. 1.5).

We recognize that a trial court's award of counsel fees is disturbed only upon a clear abuse of discretion, and in the rarest of circumstances.  J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012).  Therefore, we accept the trial court's calculation of defendant's reasonable fees, and its reduction on remand. We consider only the additional impact on the remaining award of the two facts that the trial court did not address.  They are relevant factors in the award of fees in a family action.  See R. 5:3-5(c)(3) ("the reasonableness and good faith of the positions advanced by the parties"); R. 5:3-5(c)(7) ("the results obtained").

We are convinced that defendant filed his motion for relief from the PSA with unclean hands.  While complaining that plaintiff withheld the rise in her income, defendant withheld the change in his income as well.  What's worse, defendant, through counsel, represented to the court that he experienced no material change in income, thereby focusing the court's attention on plaintiff's income and not his own.  "The intentional misrepresentation of facts" is evidence of bad faith.  Borzillo v. Borzillo, 259 N.J. Super. 286, 294 (Ch. Div. 1992).  On the other hand, although both parties abused the litigation process, plaintiff was

the more egregious offender, both in terms of the magnitude of the undisclosed income, and the excessive litigation practices. We recognize that she largely bears the responsibility for that excessive litigation, in that her unreimbursed fees substantially exceed those incurred by defendant.

As for the results obtained, the consent order represented a partial victory for defendant. Meshulam I, slip op. at 26. He dropped his claim for reimbursement of alimony and child support. He also dropped his claim for plaintiff to pay him child support. Yet, he obtained relief from his obligation to pay child support to her. He also successfully defended against plaintiff's efforts to disqualify his attorney and related requests. Id., slip op. at 26. We recognize that had defendant been forthcoming about his income, he would still have been entitled to some relief from the terms of the PSA going forward, as defendant was no longer the principal earner. The parties had reached rough parity in income.

Based on these facts, we conclude that further reduction in the award is appropriate to account for defendant's lack of good faith, see R. 5:3-5(c)(3), and the fact that results obtained constituted only partial success, see R. 5:3-5(c)(7). The impact of these factors on the ultimate award is not easily quantified. We

6

are guided by principles of fairness, viewing the record as a whole. We therefore reduce the award of counsel fees to defendant to $7500.

The order of the trial court is so modified.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION