**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6012-17T2

AMERICAN FEDERATION OF
TEACHERS, LOCAL 1839, and
DR. JOSEPH MOSKOWITZ,

     Plaintiffs-Appellants,

v.

NEW JERSEY CITY UNIVERSITY,

     Defendant-Respondent.

_____

Submitted June 4, 2019 – Decided June 19, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-000695-18.

Mets Schiro & McGovern, LLP, attorneys for appellants (Kevin P. McGovern, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Aimee Blenner, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiffs American Federation of Teachers, Local 1839 (AFT) and union member Dr. Joseph Moskowitz appeal from a June 22, 2018 Special Civil Part order dismissing their small claims complaint for lack of subject matter jurisdiction and an August 3, 2018 order denying reconsideration. For the reasons that follow, we reverse and remand.

Plaintiffs allege defendant New Jersey City University (the University) underpaid Moskowitz in his capacity as co-chairperson of the University Promotion Committee (UPC) during 2016 and 2017. They claim a Locally Negotiated Promotional Procedures Agreement (the agreement) entered into by the University and the AFT states the co-chairs of the UPC shall receive two credits, and the concomitant salary, during the Fall semester and two additional credits during the Spring semester when they serve in that capacity. Plaintiffs contend the University violated the agreement by not awarding Moskowitz the two credits for the Fall 2016 semester, which reduced his salary for that semester. Plaintiffs further contend the University reduced the number of courses Moskowitz was permitted to teach during the Spring 2017 semester when it placed all four credits in Moskowitz's Spring schedule.

The governing statewide collective negotiations agreement (the contract) contains a grievance procedure. If a grievance proceeds to arbitration, the

"arbitrator's decision shall be binding" as to grievances claiming a breach, misinterpretation, or improper application of the terms of the contract. The contract states the grievance procedure "shall be the sole and exclusive means of seeking adjustment and settling grievances."

In January 2017, the AFT grieved the alleged violation of the agreement and sought compensation for the two credits. The grievance proceeded to arbitration. The arbitrator conducted a testimonial arbitration hearing and issued a twenty-seven-page opinion and award that concluded "[t]he University violated [the agreement] when it failed to award Professor Joseph Moskowitz compensation for release time of two (2) credits for the Fall 2016 semester for his service as co-chair of the [UPC]." The award sustained the grievance in part, and directed the University "to promptly provide Dr. Joseph Moskowitz with two credits of release time for the Fall 2016, and provide monetary compensation for any credit overload which results from this alteration in the records." The award denied any additional compensation for the Spring 2017 semester.

The University did not accept the arbitrator's decision, taking the position that, because the grievance did not allege a violation of the contract, but rather a violation of the locally negotiated agreement, the arbitrator's decision was advisory and non-binding.

3

Plaintiffs then filed a pro se small claims complaint against the University that sought damages of $3000 for violating the agreement. The complaint conceded the arbitration award was advisory.

On June 5, 2018, the University moved to dismiss the complaint for lack of subject matter jurisdiction. The University contended the agreement supplemented the contract between the State and the AFT for the period July 1, 2015 to June 30, 2019. The notice of motion did not comply with <u>Rule</u> 6:3-3(c)(2),[1] because it did not advise the non-moving party that it had ten days to respond to the motion in writing in the form of a certification or affidavit.

Plaintiffs did not file opposition to the motion within ten days. On June 22, 2018, the trial court treated the motion as unopposed and granted dismissal of the complaint for lack of subject matter jurisdiction despite the University's failure to comply with <u>Rules</u> 6:3-3(c)(2).

---

[1] <u>Rule</u> 6:3-3(c)(2) states:

> The notice of motion shall also state the court's address and that the order sought will be entered in the discretion of the court unless the attorney or pro se party upon whom it has been served notifies the clerk of the court and the attorney for the moving party or the pro se party in writing within ten days after the date of service of the motion that the responding party objects to the entry of the order.

A-6012-17T2

On June 29, 2018, plaintiffs moved for reconsideration, arguing the court erred by ruling it lacked subject matter jurisdiction, and that any confusion over the motion return date should not deprive plaintiffs of their legal rights. In his supporting certification, counsel noted the University's notice of motion did not contain a return date, his firm had only recently been retained, he assumed the University's motion would be heard on the scheduled hearing date of July 13, 2018, and he proceeded accordingly. Counsel also cited two Supreme Court decisions for the proposition that the trial court had subject matter jurisdiction because a union member's resort "to advisory arbitration does not operate as a waiver of any substantive legal claims."

According to court records, Civil Case Management initially scheduled the motion for August 3, 2018, then rescheduled it for August 17, 2018. The University did not submit opposition. Nevertheless, on August 3, 2018, some fourteen days before the rescheduled return date, the trial court denied reconsideration because the notice of motion failed to comply with Rule 6:3-3(c)(3). The notice of motion did not contain the language required by the rule.[2] Rather than file a corrected motion,

---

[2] Rule 6:3-3(c)(3) states:

> Every notice of motion shall include the following language: "NOTICE. IF YOU WANT TO RESPOND TO

plaintiffs filed this appeal. The trial court issued the following written amplification

of its two rulings pursuant to Rule 2:5-1(b):

> The defendant filed a motion to dismiss for lack of jurisdiction on June 7, 2018. It contained the appropriate certification of service on the then pro-se plaintiff . . . . More than ten days having gone by and no opposition being received the court granted the motion by order entered June 22, 2018, noting that the complaint was dismissed for lack of jurisdiction and that the motion was unopposed.

> By letter dated June 20, 2018 counsel for the plaintiff advised the court in writing of his appearance and indicated that he anticipated that the then scheduled trial date of June 29, 2018 was going to be adjourned at the request of the defendant and that he consented to that request. The trial was then adjourned until July 13, 2018.

> Upon receiving the order entered on June 22, 2018 granting dismissal, counsel for the plaintiff filed a motion

THIS MOTION YOU MUST DO SO IN WRITING. Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false. You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral argument, you will be notified of the time, date, and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if they are not represented by an attorney."

6                                                                    A-6012-17T2

for reconsideration on or about June 29, 2018. When the motion to reconsider was filed the court noted that in paragraphs 4, 5, 6 and 7 of the certification of plaintiff's counsel dated June 29, 2018, he was unaware of R. 6:3-3(c)(2) that mandated that opposition (or at least an objection) to a motion in the Special Civil Part be submitted in writing within ten (10) days of service of the notice of motion. Plaintiff's counsel incorrectly assumed that the motion would be heard on the trial date or more likely the adjourned trial date of July 13, 2018.

The notice of motion to reconsider filed by plaintiff's counsel failed to contain the language required by R. 6:3-3(c)(2) advising the non-moving party that they have ten (10) days to respond to the motion in writing or it would be considered unopposed. This would be the second time plaintiff's counsel demonstrated unawareness of the "ten day rule" for opposing motions in the Special Civil Part. It should be noted that the defendant's original notice of motion also lacked the required ten (10) day warning. This comedy of errors had gone on long enough, the court was now insisting on compliance with R. 6:3-3(c)(2) so that the opposing party would be aware of the ten (10) day deadline.

Neither the motion decision nor the subsequent written amplification addressed the merits of plaintiffs' motion.

Plaintiffs argue: (1) the trial court had subject matter jurisdiction because the arbitration award was advisory, rendering Rule 2: 2-3(a)(2) inapplicable; (2) the trial court abused its discretion by considering the University's motion to dismiss unopposed; and (3) the court abused its discretion by denying plaintiffs' motion for reconsideration due to technical non-compliance with Rule 6:3-3 two weeks before

7

A-6012-17T2

the scheduled date of the motion and after ignoring the same violation by the University.

Plaintiffs argue the University is not a "state administrative agency" within the meaning of Rule 2:2-3(a)(2). Rather, plaintiffs contend the University is a public institution of higher learning that is accorded a high degree of self-government, with decision-making rendered by its Board of Trustees. Plaintiffs also rely upon N.J.S.A. 18A:3B-27, which provides that although State Colleges are allocated to the Department of State, "such institutions shall be independent of any supervision or control of the Department of State or any board, commission or officer thereof and the allocation shall not in any way affect the principles of institutional autonomy established in this act." Plaintiffs further contend the complaint seeks relief for a breach of contract. The University contends State colleges are considered State agencies and, therefore, the trial court lacked subject matter jurisdiction because review of the action or inaction of a state administrative agency is by appeal to the Appellate Division, citing Rule 2:2-3(a)(2).

We begin our analysis by noting the trial court's disparate treatment of the parties for similar motion deficiencies. The University's motion was granted as unopposed while plaintiff's unopposed motion was denied without considering its substantive merit. It was inappropriate to treat the deficiencies in the motion for

8

reconsideration as a second violation of Rule 6:3-3 when the first violation was committed by an opposing party.

We also note the trial court did not state any factual findings or resulting conclusions of law when it granted the University's motion to dismiss. A trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." R. 1:7-4(a). The court rules do not provide any exception from this obligation when the motion is unopposed. R. 1:7-4(a); R. 4:6-2(e).

Litigants are entitled to an explanation of the trial court's reasoning for a grant or denial of relief, even if the litigant has not challenged a motion for summary judgment or any other relief. Allstate Ins. v. Fisher, 408 N.J. Super. 289, 302 (App. Div. 2009). Even when a motion goes uncontested, the judge must consider the undisputed facts to determine if they entitle a party to relief. Ibid. The trial court's lack of reasoning requires either a remand for a statement of reasons or a reversal and remand for consideration of the motion to dismiss anew. Id. at 303. Although a remand for a statement of reasons is appropriate if the judge was within his discretion to treat the matter as unopposed, the notice deficiency in the University's

9

notice of motion leads us to conclude that a reversal and remand for consideration of the motion to dismiss anew is appropriate.

Even though the parties have argued the merits of the dismissal motion before us, we are of the view that the jurisdictional issues raised in support and opposition to dismissal "should be addressed in the first instance by the motion judge." Ibid. To promote judicial economy, the motion can be heard and decided, with an accompanying statement of reasons, on the same day as the small claims trial. We take no position as to the merits.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION