**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0376-19T3

GL TRINITY HOLDINGS, LLC,

      Plaintiff-Respondent,

v.

SHATHA EMACHAH, a/k/a
SHATHA SAAB, an individual,
and as a manager/owner of
INSURED ADVISER LLC,

      Defendant-Appellant.

_____

Argued October 1, 2020 – Decided December 8, 2020

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2354-19.

David M. Shafkowitz argued the cause for appellant.

Mekhail E. Sarofiem argued the cause for respondent (Sarofiem & Antoun, LLC, attorneys; Mekhail E. Sarofiem on the brief).

PER CURIAM

Defendant Shatha Emacha appeals the trial court's August 16, 2019 order denying her motion to vacate default judgment pursuant to Rule 4:50-1(a), (c), (e) and (f). Defendant asserts that the trial court abused its discretion in denying the motion, claiming she had valid grounds to justify the relief including: (1) deficient service of process; (2) plaintiff's disregard of an oral agreement to adjourn the default hearing pending defendant's retention of counsel; (3) possible estoppel based on the existence of a prior proceeding, in which defendant was adjudicated not responsible for the subject debt; and (4) a meritorious defense because she was not a party to the oral agreement, the breach of which gave rise to the judgment. Defendant also asserts that the trial court failed to issue an oral or written opinion explaining its reasons for denying the application as required by Rule 1:7-4. We need not delve into the substantive issues implicated in the appeal because we agree that the trial court gave no explanation for its decision as required by the Rule. Accordingly, we vacate the August 16, 2019 order and remand. We add the following brief comments.

Decisions whether to vacate a default judgment are left to the sound discretion of the trial court. Mancini v. EDS, 132 N.J. 330, 334 (1993). Courts should view "the opening of default judgments . . . with great liberality," and should tolerate "every reasonable ground for indulgence . . . to the end that a just result is reached."

A-0376-19T3

<u>Marder v. Realty Constr. Co.</u>, 84 N.J. Super. 313, 319 (App. Div. 1964). Nevertheless, a trial court's decision, pursuant to <u>Rule</u> 4:50-1, "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012).

Pursuant to Rule 1:7-4(a), "the court shall . . . find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" <u>See also</u> <u>Allstate Ins. Co. v. Fisher</u>, 408 N.J. Super. 289, 300-01 (App. Div. 2009). The absence of an adequate expression of a trial judge's rationale "constitutes a disservice to the litigants, the attorneys, and the appellate court." <u>Curtis v. Finneran</u>, 83 N.J. 563, 569-70 (1980) (quotating omitted). Moreover, "naked conclusions do not satisfy the purpose of <u>R[ule]</u> 1:7-4." Id. at 570. "Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions" as required by the <u>Rule</u>. <u>Ibid</u>.

In this case, the court entered a final judgment by default on June 11, 2019. On July 19, 2019, defendant's newly retained attorney filed a motion to vacate default. The motion was supported by the attorney's certification as to the procedural issues, including that plaintiff's attorney refused to consent to an adjournment, notwithstanding the fact that plaintiff's attorney had to appear in another matter in Hunterdon County. The attorney also certified that estoppel, among other

3                                                                              A-0376-19T3

defenses, may bar this claim based on a prior litigation between the parties. In addition, the motion was supported by defendant's certification, which attached a judgment from the prior litigation between the parties. Finally, the motion was supported by certification by defendant's husband indicating that defendant is not a proper party to this action.

On the return date of the motion, August 16, 2019, the court entered an order denying to motion to vacate. The court issued no oral or written reasons for its decision. Accordingly, we are hampered in our ability to review the court's exercise of its discretion. We therefore vacate the August 16, 2019 order and remand to the trial court to issue findings of fact and conclusions of law pursuant to Rule 1:7-4.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0376-19T3