**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3639-16T4

CAPITAL ONE BANK (U.S.A.), N.A.,

    Plaintiff-Respondent,

v.

EDWIN P. GANT,

    Defendant-Appellant.

_____

           Submitted May 22, 2018 – Decided October 11, 2018

           Before Judges Mawla and DeAlmeida.

           On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Docket No. DC-003164-16.

           Edwin P. Gant, appellant pro se.

           Respondent has not filed a brief.

    The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Defendant Edwin P. Gant appeals from a March 6, 2017 order of the Special Civil Part denying his motion to vacate an order granting summary judgment in favor of plaintiff Capital One Bank (U.S.A.), N.A. (Capital One) in its collection action for an unpaid credit card debt. We affirm.

I.

The following facts are taken from the record. Capital One issued defendant, an attorney appearing pro se, a credit card account he used to purchase goods and services. He made his last purchase with the credit card on December 24, 2014. On January 7, 2015, defendant made a payment of $36 on the account. He has not made a payment since then.

Due to defendant's failure to make monthly minimum payments, Capital One assessed late fees on the account on February 7, March 7, and April 7, 2015. Capital One suspended defendant's account from May to August 2015, when it charged off the account. At the time of the charge off, defendant's account had an unpaid balance of $1748.39.

On August 8, 2016, Capital One filed a complaint against defendant in the Special Civil Part seeking a judgment for the unpaid balance on the account. In his answer, defendant acknowledged the account, admitted he is "obligated to pay some amount back assuming that it is legally adjudicated that he do so," and

demanded "[s]trict proof . . . as to each and every advance from [p]laintiff to [d]efendant that [p]laintiff is claiming damages for."[1]

On or about December 1, 2016, Capital One filed a motion for summary judgment. The motion was supported by an affidavit of an authorized agent of Capital One stating that plaintiff's business records indicate that defendant's credit card account had an outstanding balance of $1748.39 when it was charged off by plaintiff.

A certification of service signed by plaintiff's counsel states that the moving papers were served on defendant at his last known address by certified mail, return receipt requested, and by ordinary mail on December 2, 2016. Defendant did not file opposition to the motion.

On December 20, 2016, the trial court granted plaintiff's summary judgment motion, finding that "there is no genuine issue as to any material fact" precluding plaintiff's claim for relief. The trial court denied plaintiff's request for the award of statutory fees pursuant to N.J.S.A. 22A:2-42. The only evidence in the record of service of the trial court's order on defendant is a letter from plaintiff's counsel dated January 19, 2017.

---

[1] Although defendant concedes he owes Capital One $813.47, he did not satisfy that obligation while this matter was pending in the trial court.

A-3639-16T4

On January 26, 2017, defendant moved to vacate the December 20, 2016 order, arguing that he received less than ten days' notice of plaintiff's motion. See R. 6:3-3(c)(2). In a certification accompanying the motion, defendant states he received Capital One's moving papers when he "signed for" certified mail at his local post office on December 17, 2016. The certification does not state when plaintiff received notice from the postal service of the certified mail. Defendant also certified that the envelope containing plaintiff's motion was postmarked December 5, 2016. The only envelope in the record bearing a December 5, 2016 postmark, however, indicates that it was sent by first-class mail. The envelope has no markings commonly associated with certified mail, return receipt requested, and reflects postage paid of only eighty-eight cents, which is not consistent with having been sent by certified mail, return receipt requested. In his moving papers, defendant argued that he had viable defenses to the allegations set forth in the complaint and asked the trial court to "require the [p]laintiff to sustain its burden of proof as to all alleged charges which it is attributing" to him. Capital One did not oppose the motion.

On March 6, 2017, the trial court denied defendant's motion to vacate the December 20, 2016 order. The court found defendant failed to "include in [his] brief [the] basis for [the] claim [that] genuine issue[s] of material fact remain."

4

On March 16, 2017, defendant filed a response to plaintiff's summary judgment motion. Because defendant's motion to vacate the December 20, 2016 order had already been denied, the trial court did not address this submission.[2]

This appeal followed.

## II.

Defendant argues that the trial court erred when it denied his motion to vacate the December 20, 2016 order because he was not served with Capital One's summary judgment motion in a timely manner. Because defendant produced no evidence establishing late service of plaintiff's motion, we disagree.

The standards set forth in Rule 4:49-2 and Rule 4:50-1 guide resolution of defendant's motion to vacate the December 20, 2016 order. Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the

---

[2] "Appellants, as a general rule, cannot undermine the ruling of the trial court by submitting additional evidence after" its decision. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 291 (2007). This court's scope of review "is limited to whether the trial court's decision is supported by the record as it existed at the time of" its decision. Id. at 278. Accordingly, we do not consider defendant's March 16, 2017 submission.

matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

Rule 4:50-1 sets forth the grounds on which a party may be relieved from operation of a final judgment:

On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

An application to set aside an order pursuant to Rule 4:50-1 is addressed to the motion judge's sound discretion, "which should be guided by equitable principles." Hous. Auth. v. Little, 135 N.J. 274, 283 (1994). A trial court's determination under Rule 4:50-1 is entitled to substantial deference and will not be reversed in the absence of a clear abuse of discretion. US Bank Nat'l Ass'n

6

v. Guillaume, 209 N.J. 449, 467 (2012). To warrant reversal of the court's order, defendant must show that the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (internal quotations omitted)).

The only subsection of Rule 4:50-1 under which defendant arguably could have sought relief is subsection (f). Relief under subsection (f) is available only when "truly exceptional circumstances are present." Little, 135 N.J. at 286 (citation omitted). "The movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999) (citation omitted). Where a procedural violation is involved, the court must consider "'[t]he defendant's right to have the plaintiff comply with procedural rules[, which] conflicts with the plaintiff's right to an adjudication of the controversy on the merits.'" Abtrax Pharms. v. Elkins-Sinn Ins., 139 N.J. 499, 513 (1995) (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)).

Rule 1:5-2 in pertinent part provides that "[s]ervice upon a party of [written motions] shall be made as provided in [Rule] 4:4-4, or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to

the party's last known address."  Pursuant to Rule 6:3-3(c), motions in the Special Civil Part "shall be made in the form and matter prescribed by R. 1:6 . . . ."  According to Rule 1:6-3(c), service of a motion on a pro se litigant is deemed complete "only on receipt at the . . . address of a pro se party.  If service is by ordinary mail, receipt will be presumed on the third business day after mailing."

Rule 6:3-3(c)(2) provides

> that the order sought will be entered in the discretion of the court unless the . . . pro se party upon whom it has been served notifies the clerk of the court and the attorney for the moving party . . . in writing within ten days after the date of service of the motion that the responding party objects to the entry of the order.

The record contains a copy of only one envelope from plaintiff's counsel. The envelope, which defendant concedes was delivered to him, is postmarked December 5, 2016, and plainly indicates that it was sent by first-class mail. Since service by ordinary mail is presumed on the third business day after mailing, service on defendant was presumed complete on December 8, 2016, more than ten days prior to entry of the December 20, 2016 order.

Defendant's certification does not state that he did not receive the copy of Capital One's motion sent by first-class mail.  In fact, defendant submitted a copy of the first-class mail envelope in his moving papers.  Defendant does not

state the date on which the copy of the motion sent by ordinary mail was delivered to him. Instead, defendant certifies only that he received the copy of Capital One's motion sent by certified mail, return receipt requested, on December 17, 2016. We see no evidence in the record overcoming the presumption that the copy of Capital One's motion mailed to defendant by ordinary mail was delivered to him on December 8, 2016.

Nor are we convinced by defendant's argument that the trial court erred when it denied defendant's motion to vacate the December 20, 2016 order in the absence of opposition to the motion from Capital One. "[E]ven in an uncontested motion, the judge must consider whether undisputed facts are sufficient to entitle a party to relief. It is not enough to suggest that there is no opposition, especially if the facts do not warrant the granting of relief in the first instance." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 302 (App. Div. 2009). The trial court reviewed defendant's submissions and determined that he failed to establish the existence of disputed material facts warranting vacating the December 20, 2016 order.

We find defendant's remaining arguments to be without merit sufficient to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3639-16T4