**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5882-17T1

U.S. BANK NATIONAL
ASSOCIATION AS INDENTURE
TRUSTEE ON BEHALF OF AND
WITH RESPECT TO AJAX
MORTGAGE LOAN TRUST 2015-C,
MORTGAGE-BACKED NOTES,
SERIES 2015-C,

      Plaintiff-Respondent,

v.

KENNETH D. DWYER and
CATHERINE T. DWYER,

      Defendants-Appellants.

_____

Submitted August 13, 2019 – Decided October 2, 2019

Before Judges Messano and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-016353-17.

Kenneth D. Dwyer and Catherine T. Dwyer, appellants pro se.

Pluese Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

In this residential foreclosure action, defendants Kenneth D. Dwyer and Catherine T. Dwyer appeal from two March 2, 2018 Chancery Division orders granting plaintiff U.S. Bank National Association (U.S. Bank) summary judgment, denying defendants' cross-motion to dismiss, striking defendants' answer, deeming the dispute an uncontested foreclosure, and transferring the matter to the Office of Foreclosure for entry of final judgment. Defendants also appeal from a June 4, 2018 final judgment, and a July 6, 2018 order denying their motion to vacate the final judgment and dismiss the complaint. We affirm in part, vacate in part, and remand solely for the court to address the factual issues related to plaintiff's standing.

I.

According to the foreclosure complaint, on December 6, 2005, defendants executed a $404,700 promissory note to Ameriquest Mortgage Company (Ameriquest). As security for repayment, defendants executed a mortgage to Ameriquest, encumbering their property in Brick Township.

The Ameriquest mortgage was assigned five times. Ameriquest assigned the mortgage to CitiMortgage, Inc., who thereafter assigned it to Bayview Loan

2

Servicing, LLC (Bayview Loan Servicing).[1]  Bayview Loan Servicing then assigned the mortgage to Bayview Dispositions, LLC, who assigned it to AJX Mortgage Trust I, three days later on July 13, 2015.  Finally, on November 24, 2015, AJX Mortgage Trust I executed an assignment to U.S. Bank.  Each assignment was duly recorded.

In addition to the aforementioned assignments, the summary judgment record establishes that on June 19, 2013, Bayview Loan Servicing informed defendants that the "mortgage loan" was transferred to U.S. Bank National Association, as trustee, in trust for the benefit of the holder of Bayview Opportunity Master Fund REMIC 2013-13NPL1 Beneficial Interest Certificates, Series 2013-13NPL1.  In addition, on November 25, 2013, Bayview Loan Servicing advised defendants that the note and mortgage was transferred yet again to a separate entity, BOMF 2013-13NPL1 Corp., and that the "ownership transfer" took place on November 5, 2013.  Finally, on November 17, 2014, Bayview Loan Servicing informed defendants that their loan was transferred to U.S. Bank National Association, as trustee, in trust for the benefit of the holder of Bayview Opportunity Master Fund Grantor Trust 2014-15PL1

---

[1]  After the assignment to Bayview Loan Servicing, defendants entered into a loan modification which lowered the interest rate, and significantly reduced their monthly principal and interest obligation.

A-5882-17T1

Beneficial Interest Certificates, Series 2014-15RPL1, and this "ownership transfer" occurred on October 28, 2014. The aforementioned transfers by Bayview Loan are hereinafter referred to as the "Bayview 2013 and 2014 loan transfers."

Defendants defaulted on the loan by failing to make the monthly payment due on February 1, 2017, and thereafter. Consequently, and in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, U.S. Bank's representative sent defendants a notice of intention to foreclose. Shortly thereafter, U.S. Bank filed its foreclosure complaint and defendants filed a contesting answer with nineteen affirmative defenses.

U.S. Bank filed a motion for summary judgment supported by a certification from Julia Rust, a Litigation Specialist, who was employed by Gregory Funding, LLC (Gregory), U.S. Bank's "authorized representative" and loan servicer. Rust certified that she attached true and correct copies of the note and mortgage to her certification along with defendants' loan modification agreement with Bayview Loan Servicing, the referenced assignments, and a copy of the payment history from the prior loan servicer, as well as the payment history when Gregory began servicing the loan for U.S. Bank. Based on that payment history, Rust stated that defendants remained in default under the note.

4

Rust also attested that the original note was in U.S. Bank's possession prior to the filing of the complaint. In this regard, she stated that the "original note was sent to [U.S. Bank's] foreclosure counsel on or about September 8, 2017, and . . . foreclosure counsel remains in possession of the note . . . ." Plaintiff's foreclosure counsel also certified that his "office received . . . the original note . . . endorsed in blank . . . on September 11, 2017." And, during oral argument on U.S. Bank's summary judgment application, plaintiff's counsel presented the original note to the court and defendants for inspection.

In their opposition and cross-motion, defendants argued that: 1) U.S. Bank lacked standing to prosecute the foreclosure because the summary judgment record did not include competent proof that it possessed the note the day the complaint was filed, and breaks in the chain of title caused by the Bayview 2013 and 2014 loan transfers made all subsequent assignments invalid; 2) U.S. Bank's motion was not supported by competent evidence as Rust based her certification on "unreliable" information; 3) defendants made the disputed mortgage payments and consequently were not in default; and 4) U.S. Bank improperly accelerated the note contrary to its express terms.

After considering the parties' oral arguments, the court granted U.S. Bank summary judgment and denied defendants' cross-motion. In its oral decision,

5

the court rejected defendants' standing argument, finding plaintiff produced the original note and established "a chain of unbroken assignments which were recorded." Based on the Rust certification, the court concluded defendants did not "make the payments due on the mortgage, and the matter remains in default." Finally, the court concluded defendants failed to raise a genuine or material factual question to dispute plaintiff's right to foreclose.

U.S. Bank filed an unopposed motion for final judgment, which the court granted on June 4, 2018. Plaintiff's counsel submitted a certification stating that on April 11, 2018, he communicated with representatives of Gregory Funding, who "reviewed . . . the original (or a true copy of) the [n]ote, [m]ortgage and recorded assignments . . . submitted, . . . and confirmed their accuracy." Counsel also stated he inspected "the documents about to be filed" and acknowledged his obligation pursuant to Rule 1:4-8 "to amend [the] affidavit if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for [the] factual assertion proffered by plaintiff in any court filings or documents in this case."

Significantly, the note submitted in support of final judgment was not the same note to which Rust and plaintiff's counsel attested, and to which plaintiff's counsel presented to the court and defendants for inspection. Rather, the note

submitted in support of plaintiff's motion for final judgment was materially different as it contained two allonges.[2]  The first allonge showed that Bayview Loan Servicing endorsed the note to Bayview Dispositions, LLC.  The second allonge indicated that Bayview Dispositions, LLC, endorsed the note to AJX Mortgage Trust 1.

Defendants promptly moved to vacate the final judgment.  Although their application failed to identify which subsection of Rule 4:50-1 upon which they relied, defendants did argue that based on plaintiff's counsel's submissions, the note submitted in support of summary judgment was inaccurate, and thus a factual question existed, at a minimum, as to plaintiff's standing because the second note established that AJX Mortgage Trust I, not plaintiff, was the holder in due course of the note.  Defendants also restated their argument that the Bayview 2013 and 2014 loan transfers rendered the subsequent assignments defective, as there was no evidence of an assignment from any of the entities

---

[2]  An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving . . . indorsements."  Black's Law Dictionary, 68 (9th ed. 2009).  An indorsement is a signature "made on an instrument for the purpose of negotiating the instrument . . . ."  N.J.S.A. 12A:3–204(a).  "For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument."  Ibid.  "An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement."  N.J.S.A. 12A:3–204, Official Comment 1.

identified in the Bayview 2013 and 2014 loan transfers to Bayview Dispositions, LLC.

Plaintiff did not oppose defendants' motion to vacate, asserting on appeal that it never received a copy of the motion papers, a claim which defendants dispute. The court issued an oral decision denying defendants' motion and concluded that "there [were] no issues with regard to standing . . . [or] a fraudulent allonge[,]" as plaintiff had "established standing to record [a]ssignments" and that the assignments were presumed valid. The court also concluded defendants lacked standing to challenge the Bayview 2013 and 2014 loan transfers. This appeal followed.

On appeal, defendants maintain that the trial court erred in granting summary judgment because genuine and material factual disputes existed regarding plaintiff's standing, defendants' default, and plaintiff's attendant right to accelerate the note. Second, defendants contend that the court committed error in refusing to vacate the final judgment because they were entitled to relief pursuant to Rules 4:50-1(c) and 4:50-3. On this point, they assert that the note and allonges that plaintiff submitted in support of final judgment "demonstrate . . . fraud, and [that] there was no intent to transfer the mortgagee rights . . . ." After carefully reviewing the record in light of the arguments advanced by the

parties, and as more fully detailed in this opinion, we conclude that a remand is necessary solely to address the standing issues raised by defendants.

## II.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage . . . ." See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

In addition, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). In Mitchell, we held that possession of the note or an assignment of the mortgage predating the original complaint conferred standing. Id. at 225.

Here, the trial court granted plaintiff summary judgment after concluding that plaintiff possessed standing to prosecute the foreclosure action because it possessed both the note and a valid assignment prior to the filing of the foreclosure complaint. Based on the competing notes submitted by plaintiff in support of its applications for summary judgment and final judgment, we are unable to determine on the current record if plaintiff properly possessed the note prior to the filing of the foreclosure complaint. In addition, neither the summary judgment record nor the record in support of plaintiff's application for final judgment adequately address the issues raised by defendants regarding the Bayview 2013 and 2014 loan transfers.

In its merits brief, plaintiff's counsel contends that the note and allonges submitted in support of final judgment were filed in error. Specifically, counsel states:

When this file was referred to our firm, we electronically received copies of the [n]ote and three [a]llonges. The note had an endorsement on the back of the second page with an endorsement from Ameriquest, payable to Bayview Loan Servicing, LLC. There was an [a]llonge signed by Bayview Loan Servicing, LLC, payable in blank. There was an [a]llonge also signed by Bayview Loan Servicing, payable to Bayview Dispositions, LLC. Finally, there was an [a]llonge signed by Bayview Dispositions, LLC, made payable to AJX Mortgage Trust I . . . . AJX was the predecessor in interest to the [plaintiff].

Our firm received the original [n]ote with one attached [a]llonge payable in blank, on September 11, 2017. The [n]ote and [a]llonge were accompanied by a [b]ailee [l]etter, specifying we were receiving the original [n]ote and one [a]llonge, payable in blank. I personally made a copy of the [n]ote and [a]llonge and executed an [a]ttorney's [c]ertification to that effect. The original [n]ote and [a]llonge were presented to the Dwyers and the Chancery Judge at oral argument. We never received the originals of the two other [a]llonges, which were created in error.

When the [plaintiff] was ready to file the [m]otion for Final Judgment, [a different attorney at plaintiff's firm] also created a certified true copy of the [n]ote from the original still held in our file. When documents were uploaded in support of the [m]otion for Final Judgment, the two additional [a]llonges, which had been electronically received and scanned into the firm's file for the Dwyers at referral, were inadvertently included with the [n]ote and one valid attached [a]llonge.

There are significant procedural infirmities with respect to the aforementioned statements as it relates to our appellate review. First, those

11

factual assertions are contained in a brief and are neither of record, judicially noticeable, nor stipulated. Accordingly, they do not constitute cognizable facts. Second, although we acknowledge plaintiff's claim that it was not served with the motion to vacate, plaintiff did not seek to supplement the record on appeal, nor did it move for a limited remand to permit the trial court to consider these arguments in the first instance, as the Rules permit. See R. 2:5-4(a); R. 2:9-1(a).

On remand, should plaintiff seek to establish standing based on possession of the note prior to the filing of the summary judgment complaint, it shall submit a certification fully compliant with Rule 1:6-6, and it shall address the inconsistency between the note submitted in support of summary judgment and that filed with its application for final judgment so that the trial court can make appropriate factual findings in the first instance. R. 1:7-4; Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 226 (App. Div. 2011) ("Attorneys in particular should not certify to facts within the primary knowledge of their clients."); Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (stating that an appellate court's "original factfinding authority must be exercised only with great frugality and in none but a clear case free of doubt") (quoting R. 2:10-5, Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003)).

With respect to plaintiff's alternative standing argument that it possessed a valid assignment prior to the filing of the complaint, we likewise remand for the court to make additional factual findings that address the Bayview 2013 and 2014 loan transfers.  On appeal, plaintiff states in conclusory fashion that "[t]here [was] no break in the chain of the [a]ssignments of [m]ortgage, and all of the [a]ssignments of [m]ortgage were properly executed, notarized and recorded.  Any intermediate transfers of the loan that were not memorialized in an [a]ssignment of [m]ortgage[] are not relevant to the [plaintiff's] standing."

We are not satisfied that the trial record or the court's factual findings adequately explain those transfers, however.  To the extent plaintiff relies on the five recorded assignments to establish standing, including the final November 24, 2015 assignment from AJX Mortgage Trust I, on remand plaintiff shall detail the Bayview 2013 and 2014 loan transfers in greater detail to enable the trial judge, and any reviewing court, to determine if the subsequent assignments to Bayview Dispositions, AJX, and plaintiff are valid.  We acknowledge case law questioning whether defendants have standing to challenge those transactions.  See Giles v. Phelan, Hallinan, & Schmieg, LLP, 901 F. Supp. 2d 509 (D.N.J. 2012); Jersey Shore Med. Ctr.-Fitkin Hosp. v. Estate of Baum, 84 N.J. 137 (1980).  Without a clearer record and understanding as to the nature of those

13

transactions, however, including whether they represent securitized mortgage loans governed by a Pooling and Servicing Agreement, we cannot resolve that legal issue. We also are unable to glean from the trial record the relationship, if any, those entities have with plaintiff.

## III.

Finally, we reject defendants' arguments that genuine and material factual questions existed in the summary judgment record regarding their default and the acceleration of the loan. The Rust certification contained competent evidence that defendants were habitually late on their mortgage obligations, and at the time plaintiff sent the March 21, 2017 notice of intention to foreclose, they owed over $10,000 in late payments, interest, and other fees. Although defendants made subsequent mortgage payments after receipt of the March 21 notice, and prior to plaintiff's filing of the foreclosure complaint, those payments addressed earlier delinquencies and did not satisfy all of the outstanding monthly payments, and the other amounts due. Nor does the summary judgment record contain competent documentary evidence that defendants made any payments subsequent to the filing of the foreclosure complaint.

We accordingly vacate the orders under review only to the extent they incorporate the court's conclusions that plaintiff established standing to

A-5882-17T1

prosecute this foreclosure action and we expressly limit the scope of our remand for the court to address that narrow issue. To the extent we have not specifically addressed any of defendants' remaining arguments, we conclude they are without sufficient merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, vacated in part, and remanded for proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION