**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4490-17T2

KRISTOPHER JAMES
MINOGUE,

     Plaintiff-Appellant,

v.

INTERSTATE FACTS, LLC,

     Defendant-Respondent.

_____

Submitted December 16, 2020 – Decided January 27, 2021

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-001743-18.

Kristopher James Minogue, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

     Plaintiff Kristopher James Minogue appeals from a Special Civil Part order directing that he pay defendant Interstate Facts, LLC's counsel $6,720.60

in legal fees and costs as a sanction under Rule 1:4-8. The court's order is untethered to any findings of fact and conclusions of law as required under Rule 1:7-4, and we therefore vacate the order and remand for the court to make the necessary findings supporting its decision. The court's order also states the motion was unopposed, even though the record suggests plaintiff served opposition. To ensure the motion is decided after full consideration of the parties' respective arguments, on remand the court shall consider plaintiff's opposition to the motion served in May 2018 and reconsider its decision granting the sanction. The court shall support its decision with a statement of its findings of fact and conclusions of law in accordance with Rule 1:7-4.

Plaintiff's pro se Special Civil Part complaint alleged a breach of contract claim against defendant and sought $5,512.50 in damages. We glean from the record presented on appeal and our review of the trial transcript that defendant was appointed by the Family Part to provide counseling services to plaintiff's family in ongoing matrimonial litigation between plaintiff and his former wife. In the Special Civil Part action, plaintiff alleged defendant breached the parties' written retainer agreement by failing to identify by the appropriate insurance billing codes certain services it provided to plaintiff and his family. Plaintiff

claimed that as a result of defendant's failure to provide the codes, he was unable to obtain $5,512.50 in insurance reimbursements to which he was entitled.

Following the filing of the complaint, defendant's counsel served plaintiff with a March 30, 2018 letter advising that defendant believed the complaint constituted a frivolous pleading, explaining the basis for defendant's claim, and demanding dismissal of the complaint.[1] The letter also informed plaintiff that an application for Rule 1:4-8 sanctions would be filed if the complaint was not withdrawn.

Thirteen days later, on April 12, 2018, the matter proceeded to trial in the Special Civil Part. Plaintiff appeared as a self-represented litigant and testified concerning his understanding of his retainer agreement with defendant, defendant's alleged failure to provide insurance billing codes for services provided, and his claim defendant breached an alleged contractual obligation to provide the codes.

Following the presentation of plaintiff's evidence, defendant's counsel moved for an involuntary dismissal pursuant to Rule 4:37-2(b). The court

---

[1] Plaintiff's appendix includes defendant's counsel's moving certification, but it does not include the exhibits that were annexed to the certification, including defendant's counsel's March 30, 2018 letter. We describe the contents of the letter based on the text of defendant's counsel's certification.

A-4490-17T2

granted the motion. The court found the facts were not in dispute, the Family Part appointed defendant to perform designated reunification counseling services to plaintiff's family, and the parties' retainer agreement provided only for the provision of those services. The court rejected plaintiff's assertion that defendant provided other services that fell within reimbursable insurance billing codes. The court found plaintiff's evidence established defendant performed only the services ordered by the Family Part and designated in the retainer agreement, and that those services did not fall within the reimbursable insurance billing codes plaintiff claimed were applicable.

Following the dismissal of the complaint, defendant filed a timely motion for sanctions under Rule 1:4-8. In support of the motion, defendant's counsel certified that she served plaintiff with a March 30, 2018 Rule 1:4-8 demand letter notifying plaintiff of defendant's claim that the complaint was frivolous and that defendant would seek sanctions under the Rule if the complaint was not withdrawn. In her certification, counsel also asserted the complaint was frivolous because "[p]laintiff made nearly the identical application before two different Family Court [j]udges" in the pending matrimonial action and his claims were rejected on both occasions. Counsel also asserted plaintiff's claim was frivolous because the retainer agreement did not require that defendant

provide insurance billing codes, the agreement defined the services defendant agreed to provide, and none of the services defendant provided fell within a reimbursable insurance code.

On May 16, 2018, the court entered an order granting defendant's motion and directing that plaintiff pay $6,720.60 to defendant's counsel for fees and costs as a sanction under Rule 1:4-8. The order was unaccompanied by any findings of fact or conclusions of law addressed to the merits of defendant's motion. The order notes only that the motion was unopposed.

Plaintiff appealed from the order, and the trial court issued an amplification of the reasons for the order pursuant to Rule 2:5-1(b). The court observed that the gravamen of plaintiff's appeal was the court failed to consider the opposition he filed in response to defendant's Rule 1:4-8 motion.[2] The court

---

[2]  In its Rule 2:5-1(b) amplification, the court refers to defendant's motion as one seeking to enforce litigant's rights, and the court states that it found plaintiff violated an April 12, 2018 order directing payment of counsel fees. The court's description of defendant's motion is in error. The April 12, 2018 order did not direct the payment of counsel fees, and defendant never asserted plaintiff violated an order directing that he pay counsel fees. The April 12, 2018 order provides only that the complaint was dismissed with prejudice following trial and defendant could file a motion for counsel fees within twenty days. In addition, plaintiff appealed only from the May 16, 2018 order granting defendant's motion for sanctions under Rule 1:4-8. Since the court's Rule 2:5-1(b) amplification was expressly filed in response to plaintiff's notice of appeal,

explained that plaintiff's opposition to defendant's motion was not considered because it was received for the first time via facsimile on May 17, 2018, the day after the court decided the motion and entered the May 16, 2018 order.[3]

On appeal, plaintiff argues the court's order should be reversed because defendant's counsel did not timely serve the Rule 1:4-8 motion and he therefore was prevented from timely filing opposition. He also claims the court erred by imposing Rule 1:4-8 sanctions because, despite the court's dismissal of the complaint, the record otherwise established a good faith basis for the prosecution of his contract claim.

We review a court's decision on a motion for sanctions under the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, and Rule 1:4-8 for an abuse of discretion. Bove v. AkPharma Inc., 460 N.J. Super. 123, 146 (App. Div.), certif. denied, 240 N.J. 2, and certif. denied, 240 N.J. 7 (2019). "Reversal is warranted 'only if [the decision] "was not premised upon consideration of all relevant

we assume the court's statements actually pertain to defendant's motion for imposition of a Rule 1:4-8 sanction and the court's May 16, 2018 order granting the application.

[3] The also court stated it had granted plaintiff's motion for a stay pending appeal of the May 16, 2018 order. The record does not include a written order granting a stay.

factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment."'" Ibid. (alteration in original) (quoting McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011)).

The Frivolous Litigation Statute and Rule 1:4-8 are to be "interpreted restrictively," and "[s]anctions should be awarded only in exceptional cases." Id. at 151. The burden of proving an entitlement to sanctions under the statute and Rule is on the party seeking the sanction. Ibid. A party seeking the imposition of a sanction must not only prove the challenged "pleading, written motion, or other paper" is frivolous, it must also demonstrate its strict compliance with the procedural requirements of Rule 1:4-8. Id. at 149 (quoting R. 1:4-8); see also id. at 147-52 (detailing the substantive and procedural requirements for establishing an entitlement to a Rule 1:4-8 sanction). Any "failure to conform to the rule's procedural requirements will result in a denial of [a] request for an attorney's fees sanction." Id. at 149.

An award of a Rule 1:4-8 sanction must be accompanied by findings of fact and conclusions of law supporting the court's determination. See Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 547 (App. Div. 2009) (reversing a Rule 1:4-8 sanction in part because the court failed "to set forth findings pursuant to Rule 1:7-4"). Indeed, Rule 1:4-8(d) provides

that "the court shall describe the conduct determined to be a violation of [the] rule and explain the basis for the sanction imposed." Findings of fact supporting a court's decision are also required "so that parties and the appellate courts [are] informed of the rationale underlying" the trial court's legal conclusions. Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019) (alteration in original) (quoting Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016)). A court's failure to make the requisite findings as required by Rule 1:7-4 "constitutes a disservice to the litigants, the attorneys and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment of Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).

As noted, the motion court did not make any findings of fact or conclusions of law supporting its imposition of the sanction. The order notes only that the motion was unopposed, and the court's Rule 2:5-1(b) amplification focuses solely on plaintiff's alleged failure to timely file opposition to the motion. Thus, it appears the court granted the motion simply because it understood the motion was unopposed.

The court's obligation to make findings of fact and conclusions of law supporting its imposition of a Rule 1:4-8 sanction is no less important or

A-4490-17T2

necessary where the motion is unopposed. See Allstate Ins. v. Fisher, 408 N.J. Super. 289, 300-01 (App. Div. 2009) (explaining a motion court is not relieved of its obligation to make findings of fact and conclusions of law when a substantive motion is unopposed). The purported absence of opposition to the motion did not relieve defendant of its burden of proving the substantive and procedural requirements necessary for imposition of a Rule 1:4-8 sanction. The absence of opposition similarly did not relieve the court of its duty to assess defendant's proofs and make the required findings of fact and conclusions of law supporting its award of the sanction. See ibid.

The court's apparent reliance on plaintiff's purported failure to file opposition to the motion as the basis for its decision to grant defendant's motion, and the court's failure to make findings of fact and conclusions of law supporting its determination, require that we vacate the court's order and remand for the court to reconsider the motion. The court must determine whether defendant proved each of the substantive elements essential to an award of a sanction under N.J.S.A. 2A:15-59.1 and Rule 1:4-8, and satisfied each of the procedural prerequisites for the imposition of the requested sanction. See generally Bove, 460 N.J. Super. at 147-52. If the court finds a sanction is appropriate, it must limit the amount to the "sum sufficient to deter repetition of such conduct." R

A-4490-17T2

1:4-8(d). The court must also make findings of fact and conclusions of law supporting its decision. See Alpert, 410 N.J. Super. at 547.

The record on appeal concerning plaintiff's receipt of defendant's motion papers and plaintiff's submission of opposition papers to the court and defendant's counsel is unclear. In his appendix on appeal, plaintiff includes papers he asserts were submitted in opposition to defendant's motion. We need not address or decide any issues concerning the filing of plaintiff's opposition papers in May 2018 because our remand provides an opportunity for the court to consider defendant's motion on a full record, including plaintiff's opposition. We therefore direct that in its reconsideration of defendant's motion, the remand court shall consider the papers plaintiff served in opposition to the motion in May 2018.[4] Defendant shall be permitted to submit reply papers pursuant to a schedule established by the court, and the court shall conduct proceedings on the motion in accordance with the applicable rules.

---

[4] We direct that, within ten days of the issuance of this decision, plaintiff shall again file with the court and serve defendant's counsel with the papers he filed in opposition to the motion in May 2018. See generally R. 1:5-1 to -7 and R. 1:6-1 to -6. With those papers, plaintiff shall serve and file proof of service in accordance with Rule 1:5-3.

Our decision should not be interpreted as an opinion on the merits of defendant's motion or plaintiff's opposition. The remand court shall decide defendant's motion on the merits based on the record and arguments presented.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4490-17T2