**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5265-18

WELLS FARGO BANK,
NATIONAL ASSOCIATION, AS
TRUSTEE FOR SECURITIZED
ASSET BACKED RECEIVABLES
LLC TRUST 2006-OP1,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES
2006-OP1,

     Plaintiff-Respondent,

v.

DUANE F. GUILFORD, a/k/a
DUANE GUILFORD,

     Defendant-Appellant,

and

MRS. GUILFORD, SPOUSE
OF DUANE F. GUILFORD, a/k/a
DUANE GUILFORD, HANOVER
INSURANCE COMPANY,
GARDEN SAVINGS FEDERAL
CREDIT UNION, GLEN K.
HABERBUSH, CECE HOLDINGS
CORP., and MIDLAND
FUNDING, LLC,

Defendants.

_____

Submitted January 25, 2021 – Decided May 12, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-022538-18.

Duane F. Guilford, appellant pro se.

Duane Morris, LLP, attorneys for respondent (Brett L. Messinger, Stuart I. Seiden, and Kassia Fialkoff, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant Duane Guilford appeals the April 12, 2019 Chancery Division order granting summary judgment to plaintiff Wells Fargo Bank, National Association, deeming the dispute an uncontested foreclosure, and returning the matter to the Office of Foreclosure for entry of final judgment. We affirm.

I.

On June 27, 2005, defendant executed and delivered a promissory note to obtain a loan from Option One Mortgage Corporation in the amount of $585,000. To secure the loan, defendant executed a mortgage in favor of Option

2

A-5265-18

One on a residential property located on Wayne Street in Jersey City (the Property). In November 2009, Option One, now known as Sand Canyon Corporation, assigned the Mortgage to plaintiff. Plaintiff recorded the assignment in the Hudson County Clerk's Office on December 7, 2009.

Defendant defaulted on the loan by failing to make the installment payment due March 1, 2018. On April 17, 2018, plaintiff sent a Notice of Intent to Foreclose (the NOI) via certified mail to defendant at the Property. The record contains copies of the NOI, dated April 17, 2018, and an envelope with a return receipt barcode addressed to defendant at the Property.

On November 12, 2018, plaintiff filed a foreclosure complaint; defendant filed a contesting answer on December 10, 2018.

On March 15, 2019, plaintiff moved for summary judgment. In support of its motion, plaintiff provided certification from Daniel Delpesche, Contract Management Coordinator for plaintiff's authorized loan servicer. Mr. Delpesche certified that, based on his review of relevant business records, defendant executed the Mortgage, plaintiff possesses the original promissory note and Mortgage, and defendant defaulted on and failed to cure all payments due since March 1, 2018. Additionally, he certified that plaintiff sent the NOI via certified mail, return receipt requested, to defendant at the Property.

In response, defendant filed a cross-motion to dismiss the foreclosure complaint on April 8, 2019. He submitted his own certification disputing plaintiff's pleadings, asserting the pleadings lack sufficient support, and alleging the assignment of the Mortgage to plaintiff is invalid.

On April 12, 2019, the trial court issued the order under review, granting plaintiff summary judgment and returning the matter to the Office of Foreclosure to proceed as an uncontested foreclosure. The trial court issued a Statement of Reasons, finding the record established plaintiff's standing, a prima facie right to foreclosure, and compliance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68. Moreover, the trial court struck defendant's answer for lack of specific and particular facts, and found defendant failed to present sufficient evidence to support his defenses or rebut plaintiff's prima facie right.

On May 31, 2019, plaintiff moved for final judgment, which the trial court entered over defendant's objection on June 19, 2019. This appeal followed.

On appeal, defendant argues:

> POINT I
>
> THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION GRANTING PLAINTIFF SUMMARY JUDGMENT AND DISREGARDING DEFENDANT'S CROSS-MOTION FOR DISMISSAL

A-5265-18

POINT II

THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION BY NOT STATING ITS FACTUAL FINDINGS REGARDING THE DEFAULT ISSUE

II.

We "review a grant of summary judgment de novo, applying the same standard as the trial court." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019). "[S]ummary judgment should be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (internal quotations and citations omitted).

Defendant claims the trial court erroneously granted summary judgment, asserting that plaintiff failed to provide sufficient evidence of his default, specifically a true copy of his Loan/Payment History, and proper service of the NOI under the FFA and Mortgage. He also contends the trial court failed to make findings of fact and conclusions of law, in accordance with Rule 1:7-4(a), as to his default and plaintiff's failure to serve a second NOI. We disagree.

First, we reject defendant's argument that plaintiff failed to provide sufficient evidence of default. "The only material issues in a foreclosure

5

proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."  Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 642 (App. Div. 1994).  A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage."  Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

Here, the record establishes plaintiff's prima facie right to foreclose, including defendant's default.  Plaintiff provided Mr. Delpesche's competent certification, see Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super 592, 599 (App. Div. 2011) ("A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by Rule 1:6-6, on 'personal knowledge.'"), which attested to the execution, recording, and assignment of the mortgage to plaintiff and to defendant's default.  The certification provided sufficient evidence of plaintiff's prima facie right to foreclose; a true copy of defendant's Loan/Payment History was unnecessary.

We similarly reject defendant's argument that plaintiff failed to provide sufficient evidence of proper service of the NOI.  A party seeking to foreclose a residential mortgage must comply with the requirements of the FFA.  N.J.S.A. 2A:50-56.  Under the FFA, the party must serve a notice of intention to file

foreclosure proceedings, "in writing, sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the Property which is the subject of the residential mortgage" at least thirty days prior to commencing any foreclosure proceeding. N.J.S.A. 2A:50-56(a), (b).

Again, the record establishes plaintiff's FFA compliance. Mr. Delpesche certified that the NOI was sent by certified mail, return receipt requested, to defendant at the Property[1] more than thirty days before plaintiff filed its complaint. Plaintiff also provided a copy of the NOI, dated April 17, 2018, and an envelope with a return receipt barcode addressed to defendant at the Property. Plaintiff established FFA compliance, and the Mortgage required no additional notice requirements.

Meanwhile, defendant's cross-motion provides no evidence to refute his default or plaintiff's FFA compliance. Defendant certified, as he asserts here, that plaintiff failed to provide sufficient evidence to warrant summary judgment. But defendant did not factually challenge plaintiff's prima facie right to foreclose or proper service of the NOI. It is well settled that "[b]are conclusions

---

[1] In his cross-motion for summary judgment, defendant certified that the Property is his primary residence, and thus the proper address to receive the NOI under the FFA. N.J.S.A. 2A:50-56(a).

in the pleadings without factual support . . . will not defeat a meritorious application for summary judgment." Brae Asset Fund, LP v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999). Therefore, we are satisfied that the record justified summary judgment and defendant raised no genuine issue of material fact.

Finally, we reject defendant's argument that the trial court made "no factual findings of default or [of] a second NOI." Rule 1:7-4(a) requires a trial court in a non-jury civil action to "state clearly factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts may be informed of the rationale underlying the conclusion." Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986). "Naked conclusions do not satisfy the purpose of R. 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980).

The trial court found, "the record reflects . . . [d]efendant defaulted by failing to make the required mortgage payment," and "[d]efendant defaulted . . . when he failed to make the March 1, 2018 payment." Such factual findings are sufficient. The trial court may rely upon reasons expressed by a party, In re Tr. Agreement Dec. 20, 1961, by and between Johnson & Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 253-54 (2006), so long as such reliance is explicit. Allstate Insurance Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009).

A-5265-18

Here, the trial court pointed to the record, which contains Mr. Delpesche's competent and uncontradicted certification as to defendant's default, and made a logical factual finding of defendant's default. As for a second NOI, no such finding was necessary; the trial court properly found the first NOI sufficient.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-5265-18