**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3487-18

LIBERTY BELL BANK,

     Plaintiff-Respondent,

v.

LUIS G. ROGERS,

     Defendant-Appellant,

and

MARY E. ROGERS,
WELLS FARGO BANK, NA,
PROVIDENT SAVINGS
BANK, JP MORGAN
CHASE & CO., ALERT
AMBULANCE SERVICE,
and THE STATE OF
NEW JERSEY,

     Defendants.

_____

Submitted February 14, 2022 – Decided March 1, 2022

Before Judges Vernoia and Firko.

On appeal from the State of New Jersey, Chancery Division, Burlington County, Docket No. F-047214-13.

Luis G. Rogers, appellant pro se.

Spector Gadon Rosen Vinci, PC, attorneys for respondent (Daniel J. Dugan, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Luis G. Rogers appeals from a March 1, 2019 judgment of foreclosure and order overruling his objections to plaintiff Liberty Bell Bank's proof of claim for the amount due. We affirm.

I.

We derive the following facts from the record. Defendant owned and operated Lease Group Resources, Inc. (LGR), an equipment leasing company. LGR purchased copying machines, then leased them to private businesses and governmental entities. In 2005, plaintiff began providing financing to LGR to purchase equipment secured by equipment leases. LGR also secured loans from Susquehanna Bank and Roma Bank. Plaintiff secured its loans by requiring defendant to execute promissory notes providing for the repayment of the business loans.

In the spring of 2013, plaintiff "and other banks with which LGR did business" learned defendant, through LGR, engaged in a "check-kiting" scheme.[1]  By May of 2013, defendant and LGR owed plaintiff the sum of $3,713,704.52.  On May 10, 2013, defendant executed a commercial guarantee whereby he guaranteed the payment of the indebtedness of LGR to plaintiff.  On the same date, defendant and his spouse executed and delivered a mortgage to secure the guarantee to plaintiff, encumbering residential property located at 123 Colonia Road in Edgewater Park.  The mortgage was recorded in the Burlington County Clerk's office on May 20, 2013.  "Indebtedness" is defined in the mortgage document as:

> all principal, interest, and other amounts, costs and expenses payable under the [n]ote or [r]elated [d]ocuments, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the [n]ote or [r]elated [d]ocuments and any amounts expended or advanced by [plaintiff] to discharge [defendant]'s obligations or expenses incurred by [plaintiff] to enforce [defendant]'s obligations under this mortgage, together with interest on such amounts as provided in this [m]ortgage.

---

[1]  Check-kiting is a form of check fraud.  According to Black's Law Dictionary, check-kiting is the "practice of writing a check against a bank account with insufficient funds to cover the check, in the hope that the funds from a previously deposited check will reach the account before it debits the amount of the outstanding check." Black's Law Dictionary (11th Ed. 2019).

The mortgage, which was not a purchase money mortgage, limited the lien's maximum amount to $3,713,704.52, the amount owed, and no interest or other charges were to accrue.[2] Defendant defaulted on his obligation "by refusing to provide the full value of the collateral called for by the" guarantee and failing to make the September 13, 2013 payment or any payments thereafter.

On December 17, 2013, plaintiff filed a foreclosure complaint against defendant[3] in compliance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53. On January 24, 2014, defendant's counsel filed a contesting answer with affirmative defenses and counterclaims. Defendant's counsel then filed a motion to withdraw from the matter, which the trial court granted on March 19, 2014. Thereafter, plaintiff moved to deem defendant's answer non-contesting and to strike his answer, affirmative defenses, and counterclaims. Defendant opposed plaintiff's motion. The trial court granted plaintiff's motion and entered an order on June 30, 2014, deeming defendant's answer non-contesting.

On July 17, 2014, defendant moved to vacate the June 20, 2014 order. The court denied the motion on August 12, 2014. Thereafter, we denied

---

[2] Although the mortgage referenced an "accompanying promissory note," no such note was executed since the mortgage secured defendant's debt to plaintiff.

[3] The complaint also named other defendants believed to be holders of an interest subordinate to plaintiff's mortgage lien.

A-3487-18

defendant's motion for leave to appeal the August 12, 2014 order on December 1, 2014.  Liberty Bell Bank v. Rogers, No. AM-0098-14 (App. Div. Dec. 1, 2014).  After a series of motions were filed by plaintiff to reinstate its complaint, on April 28, 2017, it moved for entry of final judgment.  Defendant opposed the motion and argued "there [was] a clear dispute in the amount of the claims" but failed to specifically address any inaccuracies.  Following oral argument on June 23, 2017, the trial court granted plaintiff's motion and entered judgment against defendant.  Plaintiff consented to reducing its originally requested amount of $3,713,704.52 by $747,963.69 in order to "resolve" defendant's objection to the amount plaintiff claimed was due.  On August 2, 2017, the trial court entered final judgment in favor of plaintiff and against defendant in the reduced amount of $2,965,740.83.

On October 19, 2017, after learning of additional judgment creditors, plaintiff moved to vacate the final judgment and sought leave to file and serve an amended complaint to include the additional creditors.  No new claims were asserted against defendant.  Defendant had filed an appeal of the August 2, 2017 judgment, and we remanded the matter to the trial "court for disposition in light of the motion to vacate [final] judgment."  Liberty Bell Bank v. Rogers, No. A-0218-17 (App. Div. Mar. 23, 2018).  On March 2, 2018, the trial court entered

an order vacating the final judgment and granted plaintiff's motion for leave to file and serve an amended complaint.

The record shows plaintiff filed a complaint against defendant and LGR in the United States District Court for the District of New Jersey in 2013, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, and fraud. Liberty Bell v. Rogers, Civ. No. 13-7418 NLH/KMW, 2015 U.S. Dist. LEXIS 126245 (D.N.J. Sept. 22, 2015). On January 28, 2016, plaintiff obtained a $10,632,186.57 judgment against defendant. The United States Court of Appeals for the Third Circuit affirmed the award on February 13, 2018. The Third Circuit held defendant "committed bank fraud using a check-kiting scheme and obtained loans from [plaintiff] using leases as collateral that either did not exist or had been pledged to more than one bank." See Liberty Bell Bank v. Rogers, 726 Fed. App'x 147, 153, 155-56 (3d Cir. 2018).

On May 25, 2018, defendant filed an answer with counterclaims to plaintiff's amended complaint in the matter under review. However, the Office of Foreclosure deemed defendant's pleadings non-contesting on August 1, 2018. Defendant's fee waiver application was denied, and no filing fee was paid, prompting the trial court to return the matter to the Office of Foreclosure for

A-3487-18

disposition on August 6, 2018. The matter was then transferred back to the vicinage for disposition of defendant's counterclaims only.[4]

On November 2, 2018, plaintiff moved for summary judgment on defendant's counterclaims asserting conversion, unjust enrichment, negligence, and undue influence. The trial court found "[d]efendant's claims are . . . barred by collateral estoppel" because "the issues relating to the financial dispute between defendant and plaintiff [were] the subject of the suit instituted by plaintiff in the federal courts." In adjudicating the motion, the court highlighted that defendant did not proffer any credible evidence to defeat plaintiff's motion and noted "the counterclaims do not reference the mortgage being foreclosed upon."

On January 28, 2019, plaintiff moved for final judgment and again demanded "judgment for the maximum amount secured by the mortgage, $3,713,704.52." Defendant opposed plaintiff's motion and the matter was referred to the trial court by the Office of Foreclosure. The trial court conducted oral argument on March 1, 2019. The court found defendant "did not provide facts for the [trial] [c]ourt to examine" and granted the final judgment for

---

[4] It is unclear from the record if defendant ever paid the required filing fee.

A-3487-18

$2,965,740.83 because plaintiff agreed to reduce the amount owed. A memorializing order was entered that day, which is the subject of this appeal.

On appeal, defendant argues the trial court erred in granting plaintiff summary judgment and overruling his objections to plaintiff's proof of claim for the amount due in the foreclosure action and the final judgment. Specifically, defendant claims he provided sufficient evidence to demonstrate plaintiff's proof of claim as to the amount due was incorrect. We disagree.

II.

From the outset, we note defendant's brief fails to divide his legal arguments under appropriate and distinctive point headings in violation of Rule 2:6-2(a)(6).[5] Therefore, we are not obliged to address any argument improperly briefed under Rule 2:6-2(a). See, e.g., State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (holding the Appellate Division is "not obliged to address an argument" briefed in violation of Rule 2:6-2(a)(b)). Nonetheless, we will address the merits of defendant's arguments.

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349

_____

[5] "The legal argument for the appellant . . . shall be divided, under appropriate point headings, distinctively printed or typed, into as many parts as there are points to be argued." R. 2:6-2(a)(6).

(2016). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)). In reviewing summary judgment motions, we "view the 'evidential materials . . . in the light most favorable to the non-moving party.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). However, "an adverse party may not rest upon the mere allegations or denials of the pleading . . . [to] show[] that there is a genuine issue for trial." R. 4:46-5(a).

Further, it is "well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Cortez, 435 N.J. Super. at 606 (alteration in original) (quoting Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)). Additionally, all sufficiently supported material facts will be deemed admitted for purposes of the motion "unless specifically disputed" by the party opposing the motion. R. 4:46-2(b). In uncontested mortgage foreclosure cases, "[t]he application for entry of judgment shall be accompanied by proofs as

required by" [Rule] 4:64-2(a). Under Rule 4:64-2(a), the proofs "may be submitted by affidavit, unless the court otherwise requires."

Rule 4:64-2(b) specifically delineates the required contents of the "affidavit of amount due" filed by plaintiff in support of the entry of final judgment, which "affidavit may be supported by computer-generated entries." Rule 4:64-2(c) requires the affiant to certify "that he or she is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer;" "that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business;" "that the financial information contained in the affidavit is accurate; and" "that the default remains uncured."

Any objections to the amount due must state "with specificity the basis of the dispute." R. 4:64-1(d)(3). See also Mony Life Ins. Co. v. Paramus Parkway Bldg., Ltd., 364 N.J. Super. 92, 106 (App. Div. 2003) (concluding that no hearing was warranted where defendant failed to offer conflicting proof or establish a contested fact to be resolved). After a careful review of the record, we find no merit to any of defendant's arguments and affirm substantially for the reasons set forth by the trial court in its comprehensive and well-reasoned decisions.

 A-3487-18

Here, the Office of Foreclosure deemed defendant's answer to plaintiff's amended foreclosure complaint non-contesting. On January 28, 2018, in compliance with Rules 4:64-1(d)(1) and 4:64-2(b), plaintiff submitted a certified affidavit of the amount due with a schedule detailing the amount's components when it moved for entry of final judgment. Plaintiff's proofs "included copies of the original documents such as the mortgage, evidence of indebtedness, and the [c]ertification of Stephen Gin," who is employed as a Vice President Commercial Loan Officer for plaintiff. The record reveals Gin reviewed plaintiff's records that were maintained in the ordinary course of its business and had knowledge of the amounts due on defendant's obligation.

As the trial court emphasized, "[i]n an objection to amount due, a defendant is required to address, with specificity, what amounts in plaintiff's proof of amount due is incorrect and provide evidence to the [trial] court to support the objection." Defendant reiterates on appeal, "[i]t is obvious that millions of dollars were paid to [p]laintiff . . . that [were] never reconciled or accounted for." But, defendant's repeated argument is flawed and devoid of merit. As explained by the trial court:

> [D]efendant fails to present, with specificity, objections to the amount due as certified to by plaintiff. The information presented by defendant relates, for the most part, to his dissatisfaction with the prior orders of

> [the] [trial] court and the District Court[] and is an attempt to relitigate the issues. None of the financial data provided by defendant is sufficient to establish an objection to the amount claimed to be due from defendant; nothing presented confirms that payments were made, or what is owed.

On appeal, defendant merely provides copies of unauthenticated and incomplete documents, such as emails and bank statements, that he submitted to the trial court. Moreover, defendant's brief references exhibits that are not contained in his appendix, which is largely comprised of pleadings and court orders. Defendant has not provided a certification or a scintilla of evidence in support of his claims. The trial court found "[t]he documentation provided by defendant is questionable at best and fails to provide any specific objection to the amount due." Thus, there was no genuine issue of material fact presented to the trial court to preclude the grant of summary judgment to plaintiff.

We are also unpersuaded by defendant's contention that the trial court judges abdicated their responsibilities by relying on the District Court's finding, as affirmed by the Third Circuit Court of Appeals. The record shows plaintiff supplied all of the required Rule 4:62 documents at the time it filed its motion, including:

- notice of motion for entry of final judgment

- proof of service of notice of motion for entry of final judgment

12

- certification in support of motion for entry of final judgment

- request and certification of default

- certification of default

- proof of service of the summons and amended complaint on the United States of America

- notice to the State of New Jersey

- certification of mailing filed default

- certification of non-military service

- certification of costs to be taxed

- certification of mailing of FFA notice and no response

- certification of mailing mediation documents

- writ of execution

Defendant does not state what the correct amount due should be. And, plaintiff's concession to reduce the amount defendant owed it renders his argument moot.

Plaintiff has satisfied all the necessary requirements for an entry of final judgment. Defendant failed to provide the trial court with any documentation to support his objections. Accordingly, the final judgment was properly entered, and defendant's objection to its entry was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-3487-18